PEOPLE, *ex rel.* CADY, *v.* IHNKEN.

1. VILLAGE CLERK—RECORDS—DUTY TO MAKE.

    1 Comp. Laws, § 2731, makes the village clerk the clerk of the council, charged with the duty of recording all its proceedings, and provides for the appointment of a clerk *pro tem.* in his absence. *Held*, that, where the minutes of a meeting of the council at which the clerk was not present were authenticated on their face by the president and by a member purporting to act as clerk *pro tem.*, the clerk could not refuse to record them on the ground that the member purporting to act was not actually present, but must enter the proceedings, subject to correction by the council.

2. SAME—ATTENDING COUNCIL MEETINGS—MANDAMUS.

    *Mandamus* will not lie to compel a village clerk to attend the meetings of the council.

*Certiorari* to St. Clair; Law, J. Submitted January 28, 1902. Decided February 21, 1902.

*Mandamus* by the People of the State of Michigan, on the relation of Burt D. Cady, prosecuting attorney of St.

Clair county, to compel John H. Ihnken, clerk of the village of Algonac, to record certain proceedings of the village council. From an order granting the writ, respondent brings *certiorari*. Modified and affirmed.

*Avery Bros. & Walsh*, for relator.

*George G. Moore* (*W. F. Atkinson*, of counsel), for respondent.

Montgomery, J. The village of Algonac is incorporated under 1 Comp. Laws, § 2684. The council consists of a president and six trustees. Calvin Currie was president of the village. Three of the five trustees filed with the clerk their resignations. The regular meetings of the council were fixed for the first and third Mondays of each month. On December 16th there was a regular meeting of the council. On that night the president and two of the trustees appeared at the council chamber, but the remaining trustees and the clerk were absent. The statute (1 Comp. Laws, § 2752) provides that a less number than a quorum may adjourn from time to time, and compel the attendance of absent members in such manner as may be prescribed by ordinance. An ordinance was in existence providing that a minority of the council might cause the absent trustees to be brought in. Those present at the meeting December 16th adjourned until the following day at 1:30 o'clock in the afternoon. At the adjourned meeting a quorum was not present, and they adjourned until the following day at the same time. At this meeting a majority was not present, and, acting under the authority of the ordinance aforesaid, two of the absent trustees, who, together with those present, constituted a quorum, were brought in. They proceeded to transact business, and fill a vacancy in the office of trustee. They then adjourned until the following Friday, and the respondent, who was clerk of the village, was notified to bring the records of the village council, and was also sent the minutes of the meetings of the 16th, 17th, and 18th, at which he

was not present, and which minutes were signed by the president, and also by Angus M. Smith, one of the trustees, who acted as clerk *pro tem.* of these meetings. The clerk appeared at the meeting, but refused to enter up these records, and refused to call the roll of the council, which contained the name of the new trustee. A petition for *mandamus* was filed in the circuit court to compel the clerk to enter the minutes of the. meetings in the proper record, and perform the duties of his office by reading the minutes at the meeting, etc. An issue was framed before the circuit court on the facts, and, after a full hearing, the judge made a finding of facts, and ordered that *mandamus* might issue as prayed. The case is brought here for review by *certiorari.*

The statute (1 Comp. Laws, § 2731) requires the clerk to keep all files and records of the village not intrusted to other officers, provides that he shall be clerk of the council and shall attend its meetings, and provides for the appointment of a member of the council to act as clerk for the time being, in the absence of the clerk, and provides that the clerk shall record all the proceedings and resolutions of the council. The reason assigned by the clerk for his refusal to make the record in question is that it is inaccurate, in that the trustee who purports to sign the record as clerk *pro tem.* was not present at the meetings. The question is whether the clerk should be permitted to raise this question, or whether, the record on its face being authenticated by the president of the council and by one purporting to act as clerk *pro tem.*, he should enter the record, subject to correction by the council itself. We think it is the duty of the clerk to enter the proceedings of record, and it is not his province to determine as to the accuracy of the proceedings. It is not the contemplation of the law that a controversy to be tried in the courts shall be raised over the truth of a record regular upon its face. While it is the duty of the clerk to enter the record, it is always within the province of the council to correct any errors that have occurred; and the proper proceeding is

for the clerk to enter this record, and for the council then to make the correction of any error which is apparent.

Complaint is also made of the order of the circuit judge requiring the clerk to appear at the next meeting of the council, with his books, etc. We think it is beyond the authority of the circuit judge to direct by *mandamus* that the clerk attend the meeting. *People, ex rel. Fitzgerald,* v. *Whipple,* 41 Mich. 548 (49 N. W. 922). The order of the court will be modified by eliminating this direction, and in other respects it will stand affirmed. No costs will be awarded in this court.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.