(No. 5291. Decided May 16, 1905.)

THE STATE OF WASHINGTON, *on the Relation of F. B. Hawes, Appellant,* v. FRANK BREWER, *Sheriff etc., et al., Respondents.*[1]

MANDAMUS—PLEADING—DEMURRER—PRACTICE. Common law forms of pleading being abolished, sustaining a demurrer to a writ or affidavit in mandamus is permissible, being in effect the quashing of the writ.

MANDAMUS—To COMPEL PROSECUTION OF CRIMES—SUNDAY LAWS—ENFORCEMENT—NEGLECT OF DUTY A MISDEMEANOR. Mandamus will not lie to compel peace officers to prosecute all persons violating the laws respecting the keeping of places of business open and selling goods and liquors, etc., on Sunday, since no specific thing is pointed out to be done, and mandamus does not lie to compel a general course of official conduct, and since Bal. Code, § 7252, provides a specific remedy by making neglect of such official duty a misdemeanor.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered June 11, 1904, upon sustaining a demurrer to the complaint, dismissing an application for a writ of mandate. Affirmed.

*E. C. Dailey* and *Frank D. Lewis,* for appellant.

*R. A. Hulbert, Hathaway & Alston,* and *Bell & Austin,* for respondents.

[1] Reported in 80 Pac. 1001.

Dunbar, J.—This is an action in mandamus, brought in the superior court of Snohomish county, wherein the state of Washington, on the relation of F. B. Hawes, is plaintiff, and Frank Brewer, sheriff of Snohomish county, and Edward J. Dwyer, marshal of the city of Everett, Washington, are defendants. The affidavit of relator alleges, that it is the duty of said officers, under and by virtue of their oath of office, and of the laws of the state of Washington, to enforce the laws of said state, and make complaint against and prosecute all persons who violate the laws of said state against keeping saloons, cigar stands, and other places of business open for the purpose of trade or sale of goods on the first day of the week commonly called Sunday, or who sell or dispose of any intoxicating liquor on Sunday, as aforesaid, or who rent houses for the purpose of prostitution or who gamble or run gambling houses; and, in fact, to complain of and prosecute persons who commit offenses against the criminal laws of the said state of Washington. It alleged that said laws have been, for a long time past, openly and notoriously violated in said city, in that saloons, cigar stands, etc., have been kept open on Sunday for the purpose of trade, and that houses are being, and have been, rented in said city for the purpose of prostitution, and that gambling with slot machines has been carried on, and at length reciting the perpetration of the crimes and misdemeanors committed in the city; that demand had been made upon defendants to enforce the laws of said state against the violators thereof; that said defendants, and each of them, have utterly failed, neglected, and refused to enforce said laws, or any of them. This is the substance of the affidavit. And the demand was made that an alternative writ of mandamus issue to said defendants, requiring them to enforce said laws, and prosecute all persons guilty of the violation thereof, or to show cause to the court why they neglected and failed so to do.

A peremptory writ was issued, and upon the hearing a demurrer was interposed to the complaint: first, that the court had no jurisdiction of the subject-matter of said action; second, that the plaintiff had no legal capacity to sue; third, that there was a defect of parties plaintiff and defendant; fourth, that the complaint did not state facts sufficient to constitute a cause of action. The demurrer being sustained, judgment was entered, and from such judgment this appeal was taken.

It is insisted by the appellant, first, that the court erred in sustaining the demurrer and in dismissing the action, because there is no provision for a demurrer to the writ or affidavit in mandamus. We think there is no merit in this contention. The common law forms of pleading have been abolished by the code, and the demurrer in this instance was in effect a motion to quash the writ, and the sustaining of the demurrer was in effect the quashing of the writ. The view we take of the merits of the case renders it unnecessary to pass upon the proposition that the defendants could not be joined in the same action, as we think there is no cause of action stated in the affidavit.

The office of mandamus is to compel an officer to perform a ministerial duty, and the writ cannot be used for the purpose of compelling the performance of a duty which requires the exercise of discretion. It is insisted by the respondent that this question cannot be considered in this case, for the reason that the demurrer admits all the facts stated in the complaint, and that it was stated that the commission of crime was open and notorious. The allegations of the complaint are admitted for the purpose of raising the questions of law which are to be determined on the demurrer in this case; namely, that the respondents held certain official positions and that the suit was brought to compel them to commence actions, and that it seeks to compel a general course of official conduct, which the courts are not authorized to do. Mandamus will not lie to compel a general

course of official conduct, as it is impossible for a court to oversee the performance of such duties. 13 Ency. Plead. & Prac., p. 497.

It will be seen, in this case, that the remedy sought was entirely too general to be at all practical. It is true that we decided in *State ex rel. Grinsfelder v. Spokane St. R. Co.,* 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515, that mandamus would lie to compel a street railway company to resume the operation of a line which it had discontinued. But there was one specific thing which the street railway company was required to do which involved the entire controversy. But here there is a general course of official conduct sought to be compelled. There is no specific allegation of violation of duty in the petition. There is no statement of any commission of crime by any particular person, and we are unable to conceive to what effect an action for contempt could be prosecuted in case there was a refusal on the part of defendants to obey the injunction of the court. The alternative writ in this case is an instance of the inefficiency of such proceedings. The writ, after reciting the violation of the law, proceeded as follows:

"Now, therefore, being willing that justice be done in the premises, you and each of you are hereby commanded immediately to complain of and prosecute any and all persons violating any of the laws of the state of Washington, in said city of Everett, in manner and form hereinbefore described, and that thenceforth you and each of you perform each and every duty enjoined upon you by the laws of said state of Washington, in said city, or that you appear before the above entitled court at the court house in said city of Everett, Washington, on the 21st day of May, 1904, at ten o'clock in the forenoon of said day, and show cause, if any you can, why you refuse so to do."

The demand is for a continuing course of action. The writ cannot be any more specific than the petition, and the writ which must necessarily issue under a petition of this kind,

and which was peremptorily issued, is no more effective than the statute. Each equally commands the officer to perform his duty. One is the announcement of the law by the law making power, the other is the announcement of the law by the court. The remedy by mandamus contemplates the necessity of indicating the precise thing to be done. It is not adapted to cases calling for continuous action, varying according to circumstances. It is the office of mandamus to direct the will, and obedience is to be enforced by process for contempt. It is therefore necessary to point out the very thing to be done; and a command to act according to circumstances would be futile. 13 Ency. Plead. & Prac., p. 497, and cases cited.

Bal. Code, § 7252, provides that,

"Any public officer who shall refuse or wilfully neglect to inform against and prosecute offenders against the last preceding section [which is the section under which this action is brought] shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, and the court before which such officer shall be tried shall declare the office or appointment held by such officer vacant for the remainder of his term."

Here is a specific remedy pointed out by the statute, and the remedy which must be resorted to by the citizen, in case of violation of duty by the officer.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.