### (*Circuit Court of Cook County.*)

## People ex rel. John Reckinger

### vs.

## Edward F. Dunne, Mayor of the City of Chicago, et al. and Forty-four Other Similar Cases.

### (March 13, 1907.)

MANDAMUS—TO COMPEL MAYOR TO ENFORCE STATE SUNDAY CLOSING LAW AGAINST A PARTICULAR PERSON. *Mandamus* will not lie to compel the mayor of a city to enforce a state law compelling the closing of saloons on Sunday either generally or as against particular individuals. If the court is not empowered to compel the *general* observance of the law, *a fortiori* it cannot entertain a large number of proceedings to compel the enforcement of the law against as many individuals.

Petitions for mandamus, forty-five in number, to compel the closing of thirty-one saloons and fourteen theaters which were alleged to be violating the Sunday closing law. Each petition was directed against a particular saloon or theater. The

cases were heard before Judges Julian W. Mack, Lockwood Honore and George A. Carpenter.

*Stedman & Soelke,* for relators.

*J. Hamilton Lewis,* corporation counsel, *Daniel P. Murphy,* assistant corporation counsel, and *Levy Mayer,* for respondents.

HONORE, J.:—

In the matter of the three petitions for mandamus, which were filed, each one of which were assigned to one of the three judges that sat here some time ago, each of the three judges has reached a decision in the particular case assigned to him, and it happens that they coincide so that each one will enter a similar judgment in the particular case before him. Judge Carpenter could not be here today, and asked me to say substantially what his views were in the matter; and I am sorry that counsel for the relators signified that they could not be here, either, but I think it is the judgment of the three—that is—that the decision of the supreme court in the case of *People v. Dunne,* 219 Ill. 346, is conclusive of this case. In that case the supreme court declined to entertain a .petition for mandamus to compel the mayor of the city of Chicago to enforce the Sunday closing law and based their decision upon the ground that it was not the intention of the courts to undertake the supervision of the executive departments of the government in their enforcement of the law generally, and if the courts would not undertake to compel the mayor by a writ to enforce a certain law generally, it seemed to follow *a fortiori* the court would not entertain five thousand writs to compel him to enforce the law, instead of in general terms, as to the five thousand different saloonkeepers, and for that reason I think the court is prepared to deny the petition for the writ.

(No appeal was prayed from the above decision.)

### NOTE.

*Mandamus* will not lie to compel a public official to enforce a criminal law either generally or in a specific case.

In *People v. Dunne,* 219 Ill. 346, the court held that a writ of

*mandamus* would not lie against the mayor of a city to compel him to enforce the Sunday closing law generally throughout the city.

In *People ex rel. McCarroll v. Mohr*, 1 Ill. C. C. 100, Judge Tuley of the circuit court held that *mandamus* would not lie to compel the president and board of trustees of a village to compel them to enforce certain laws and ordinances in relation to gambling, it being alleged that gambling was being carried on at a certain race track.

In *People v. Listman*, 82 N. Y. S. 263, 40 Misc. 372 (af'd. 82 N. Y. S. 784), an application for a writ of *mandamus* commanding the defendant to enforce certain laws prohibiting Sunday employment, and dramatic performances, on Sunday was denied. But see *People ex rel. Gallagher v. Peck* referred to in 82 N. Y. S. 263 (unreported).

In *State ex rel. Clark v. Murphy*, 2 Ohio Cir. Dec. 190; S. C. 5 Ohio C. C. 332, a petition for *mandamus* was filed against the superintendent of police of the city of Columbus to compel him to discharge his duty in enforcing the Sunday law against dramshops. The application was denied. This decision was relied on by Judge Tuley in *People ex rel. McCarroll v. Mohr, supra.*

In *State v. Francis*, 95 Mo. 44, S. C. 8 S. W. 1, a petition for a writ of *mandamus* to compel the police commissioners of St. Louis to enforce the state law prohibiting the sale of liquors on Sunday, was denied.

In *State ex rel. v. Brewer*, 39 Wash. 65, 80 Pac. 1001, a petition for *mandamus* was filed against the sheriff of the county and the marshal of the city alleging that it was their duty to make complaint and prosecute all persons violating the laws of Washington against keeping saloons open for the sale of liquors on Sunday. The application was denied.

See also *Mitchell v. Boardman*, 79 Me. 469: *Bôyne v. Ryan*, 100 Cal. 265; *People v. Whipple*, 41 Mich. 548; Merrill on Mandamus, sec. 69; High on Extraordinary Legal Remedies, pp. 315–6; *Cady v. Ihnken*, 129 Mich. 466, 89 N. W. 72; *People v. Leonard*, 74 N. Y. 443; 13 Ency. Pl. & Pr. 497.

### Contra Cases.

*State of Ohio v. Police Board*, 19 Week. L. B. 256, sometimes cited as holding a contrary doctrine, was overruled in *State ex rel. Clark v. Murphy*, 2 Ohio Cir. Dec. 190, S. C. 3 Ohio C. C. 332.

In *State v. Cummings*, 17 Neb. 311, 22 N. W. 545, *mandamus* was issued against a city marshal to compel him to report the names of all persons engaged in the liquor traffic.

In *Moores v. State*, 71 Neb. 522, 99 N. W. 249, *mandamus* was issued against the mayor and chief of police of the city of Omaha commanding them to enforce the laws in relation to gambling. The decision is based on certain statutory provisions.

In *State v. Williams* (Ore.), 67 L. R. A. 166, 77 Pac. 968, a petition

for *mandamus* was filed against the mayor, chief of police, municipal judge and members of the executive board to compel the arrest of certain persons for violating the state gambling statute. The relief was denied as against the chief of police and the writ was granted as to him for the reason that under the Oregon statutes the chief of police is made "a prosecuting officer."

In *Goodell v. Woodbury*, 71 N. H. 378, 52 Atl. 855, a *mandamus* proceeding was instituted to compel the chief of police to prosecute certain persons for violating the liquor laws, and the relief was granted. This case is similar to *State v. Williams, supra.* See, also, *In re Whitney*, 3 N. Y. Supp. 838.

In *People v. Mathiessen*, 28 Chi. Leg. N. 345 (reported in this volume) it was held that it was not the duty of the mayor to enforce the Sunday closing law—Ed.