WILSON *v.* CLEVELAND.

1. MANDAMUS—PUBLIC OFFICERS—MUNICIPAL CORPORATIONS.
   Mandamus will not lie in favor of the mayor of a village to compel the members of the common council to attend meetings and transact necessary public business.

2. SAME.
   Mandamus is only granted to compel the performance of public duties by public officers, where a specific right is involved, not possessed by citizens generally.

3. SAME.
   A mayor of a village has no specific right involved because, as chief executive, he may be required to preside and cast the deciding vote in cases of equal division, or to give the council information.

Certiorari to Kalamazoo; Knappen, J.   Submitted June 15, 1909.   (Calendar No. 23,454.)   Decided July 6, 1909.

Mandamus by John W. Wilson, president of the village of Climax, to compel George Cleveland and others, members of said village council, to perform their official duties. An order granting the writ is reviewed by respondents on writ of certiorari.   Reversed, and proceedings dismissed.

*Osborn & Mills,* for relator.

*Harry C. Howard,* for respondents.

BROOKE, J.   John W. Wilson, president of the village of Climax, began these mandamus proceedings against the three respondents, who were three trustees of said village, and members of the village council, duly elected in March, 1909, and qualified as such, charging that these trustees have persistently and purposely absented themselves from regular and other meetings of said council, although duly notified of such meetings, and have not

attended any meetings of the council since their election; that respondent Hoyer has filed his resignation, upon which no action has been or could be taken because of the impossibility of holding a meeting; that the whole number of trustees is six and by the refusal and neglect of respondents to attend meetings of the council it is impossible to transact business for want of a quorum; that urgent public business requires action by said council, and that municipal affairs are at a standstill; that the bond of persons desiring to sell intoxicating liquors, a druggist's bond, and also the bonds of the village clerk and treasurer, have been presented for approval; that action by the council relative to levying the taxes assessed for the current year must be taken; that bills and accounts must be audited and allowed. Petitioner alleges:

"That he is a taxpayer of said village, and makes this petition as such, and as president of said village, on his own part and behalf, and on the part and behalf of the village of Climax as its president."

He asked for a peremptory mandamus against respondents requiring them to attend the next regular meeting of the council of said village to be held on a date and hour named, "to perform the said several duties and the duties devolving upon them as trustees of said village." An order to show cause was issued, and, after a hearing before said court, a writ of mandamus was granted.

It has become the settled policy of this court to deny the writ of mandamus to compel the performance of public duties by public officers, except where a specific right is involved not possessed by citizens generally. *People v. Whipple*, 41 Mich. 548 (49 N. W. 922); *People v. Ihnken*, 129 Mich. 466 (89 N. W. 72).

It is contended by relator that the case at bar is distinguishable from the cases cited. If this is so, it must be because the petitioner has made it appear that he has a specific right involved, as distinguished from the right of citizens generally. This must be on account of his official position, for as an ordinary citizen he makes

no showing of any specific right. It is urged that, under the statute, he is chief executive officer of the village, required to preside at council meetings, and be deemed a member, but shall have no right to vote upon any question except in case of a tie; that it is his duty to give the council information as to the affairs of the village and make recommendations, to exercise supervision over the affairs of the village and over public property, and see that the laws relating to the village and the ordinances and regulations of the council are enforced. He is not by this statute vested with any specific right, distinguishable from the rights of citizens generally, which will bring him within the decisions of this court and entitle him to relief by mandamus in this case.

A general violation of a public duty is charged against respondents, and this case is not distinguishable from the cases above cited. The statute referred to provides that the council may provide by ordinance for compelling the attendance of its members at its meetings. No action has ever been taken under this provision. It is evident that these respondents have combined to prevent a quorum of the council from meeting. We do not find in this record any justification for such conduct; but, as was said in the *Whipple Case:*

"Courts are not created to conduct municipal affairs. * * * The remedy, if there is one, is not judicial."

The judgment of the circuit court is reversed. The order granting a writ of mandamus is vacated and set aside, and the mandamus proceedings dismissed.

BLAIR, C. J., and MONTGOMERY and McALVAY, JJ., concurred with BROOKE, J.

GRANT, J. I concur in the result reached by my Brother BROOKE in this case, for the sole reason that the power to control and compel the attendance of members of deliberative and legislative bodies and their officers is lodged in those bodies and not in the courts. In the

present case it appears that this power is by the municipal charter lodged in the common council. This is not a case of an officer, municipal or other, upon whom is expressly imposed the duty to enforce legislative enactments. There may be many cases where a minority of a legislative body may feel justified in preventing a quorum by their absence, and thus prevent the accomplishment of enactments or the adoption of policies which they deem unwise. Where such bodies, the creatures of the legislature, are not expressly endowed with the power to compel the attendance of their members, the power is nonexistent and courts cannot supply it. Such I understand to be the basis of the cases of *People* v. *Whipple*, 41 Mich. 548 (49 N. W. 922), and *People* v. *Ihnken*, 129 Mich. 466 (89 N. W. 72). To supply this power by court decisions would be an act of judicial legislation.