[No. 21260.   Department Two.   November 14, 1928.]

THE STATE OF WASHINGTON, *on the Relation of W. G. Beardslee, Respondent,* v. BERTHA K. LANDES *et al., Appellants.*[1]

*Thomas J. L. Kennedy, A. C. Van Soelen,* and *Hugh R. Fullerton,* for respondent.

PARKER, J.—The relator, Beardslee, commenced this mandamus proceeding in the superior court for King county, seeking a writ commanding the mayor and chief of police of the city of Seattle to enforce a vehicle parking ordinance of the city by arresting and prosecuting violators thereof. The superior court awarded final judgment against the mayor and chief of police as prayed for, finally disposing of the case upon their demurrer to the petition, they declining to plead further. From the judgment so rendered, they have appealed to this court.

The controlling facts appearing in the petition may be summarized, so far as necessary to here notice them, as follows: It is the duty of appellants to enforce the police regulations prescribed by the ordinances of the

[1]Reported in 271 Pac. 829.

city. There is in effect an ordinance No. 53,223 of the city, regulating the parking of vehicles upon numerous streets of the city, reading in part as follows:

"Section 33. On the portions of the streets named herein it shall be unlawful to stand or park a vehicle at any time except when actually loading or unloading: . . . YESLER WAY: from Third Avenue to Broadway . . ."

We assume that there is a penalty for the violation of this provision, though we do not have such portion of the ordinance before us. This portion of Yesler Way is several blocks long. A great many vehicles are allowed by appellants to stand and park in this prohibited parking area, in violation of this provision of the ordinance.

It seems clear to us that mandamus is not an available remedy as against this alleged failure of duty on the part of appellants. In *State ex rel. Hawes v. Brewer*, 39 Wash. 65, 80 Pac. 1001, 109 Am. St. 858, 4 Ann. Cas. 197, this court held that:

"Mandamus will not lie to compel a general course of official conduct, as it is impossible for a court to oversee the performance of such duties."

This was said in affirming the superior court's denial of an application for mandamus to compel Brewer, the sheriff, to prosecute all persons violating, in the city of Everett, laws respecting the keeping of places of business open and selling goods and liquors, etc., on Sunday, which was a misdemeanor under the laws of the state, there being numerous alleged violations. The denial of the writ was by this court affirmed upon the ground above quoted. This view of the law was adhered to in *State ex. rel. Pacific American Fisheries v. Darwin*, 81 Wash. 1, 142 Pac. 441.

It may be that in a sense the writ here applied for would be somewhat narrower in its scope than the writ applied for and denied in the *Brewer* case; but we

think it would in no event be narrower in its scope other than possibly calling for fewer prosecutions. It would not be sufficiently narrow so that the court could, with any sort of practicability, oversee the performance of the duty sought to be mandamused. Such narrower scope of an applied for writ of mandamus, consisting only of fewer prosecutions, was considered by Judge Carter, speaking for the court in *People ex rel. Bartlett v. Busse,* 238 Ill. 593, 87 N. E. 840, 28 L. R. A. (N. S.) 246, as follows:

"In *People ex rel. Bartlett v. Dunne,* 219 Ill. 346, 76 N. E. 570, it was sought to have the mayor commanded to enforce the statute in question as to all dramshops within the city of Chicago, while in the present case the duty which the mayor is to perform is to enforce the statute against Kenna and his two saloons. This is not a material difference. No authority is cited which recognizes such a distinction. Every objection to commanding the mayor to enforce this law with reference to 7,000 saloons, suggested in *People ex rel. Bartlett v. Dunne, supra,* applies in lesser degree to commanding him to enforce it with reference to one owner and two saloons. If counsel for appellants be correct, by the institution of 7,000 suits instead of one, the courts could be required to exercise precisely the supervision over the mayor that we held in the *Dunne* case they could not be required to exercise. Counsel for appellants confuse the functions of the executive and judicial departments of government. If their contention were to prevail, the mandate of the court would be substituted for the statute which denounces misfeasance and malfeasance in office."

This, we think, is in accord with the decided weight of authority. We are of the opinion that the judgment of the trial court must be reversed. It is so ordered.

FULLERTON, C. J., ASKREN, FRENCH, and MAIN, JJ., concur.