[No. 42625. En Banc. July 18, 1974.]

ESTHER K. BULLOCK *et al., Petitioners,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*

*Lar Halpern, Ann Greenberg, Dan Sanders,* and *Anthony J. Karrat* of *Legal Services Center* (Seattle), for petitioners.

*Christopher T. Bayley, Prosecuting Attorney,* by *William R. Creech, Deputy,* for respondent.

WRIGHT, J.—This is an original application for a writ of mandamus directed to the presiding judge of the King County Superior Court, to require him to enter four certain orders *as presented* with reference to the rights of petitioners to proceed in forma pauperis in divorce actions.

Each of the petitioners is a resident of King County, the plaintiff in a divorce action, and each has alleged that he or she is indigent. This action concerns the rights of four persons. It was not instituted as, and is not, a class action.

Each of petitioners, on October 20, 1972, presented to the presiding judge (respondent) a proposed order to permit him or her to proceed in forma pauperis. The proposed order in each instance was to waive the clerk's fee for filing and to direct the sheriff to make service of process without fee. Respondent declined to sign the proposed orders in the form in which they were presented.

Respondent stated he would sign the orders waiving the filing fee if certain conditions were included, but declined to include the direction to the sheriff. The sheriff had previously refused to obey a similar order, and respondent entertained serious doubts as to the propriety of such an order.

The petitioners herein were actually permitted to file their actions without payment of filing fees. The conditions attached were that the proposed orders be amended to include the following provisions, as set forth in the petition for writ of mandamus, page 2:

Further, in the event the defendant is subject to personal service, attorney for plaintiff is directed and ordered to move, prior to obtaining an order of default, for an order

to show cause requiring the defendant to appear and show cause why he should not be required, *inter alia,* to reimburse the Clerk of the Court for any fees or charges waived under this order. Plaintiff's attorney is further directed and ordered to initiate all necessary and proper legal proceedings to enforce any order on show cause entered by this Court.

Each of the petitioners has agreed to pay to the clerk of the court the fee if it be recovered from the defendant, and each has in his or her complaint included a prayer for the recovery of the waived fees.

With respect to the first issue, the condition to be attached to the proposed orders, several arguments are raised. It is contended this is a local rule which was not promulgated in accordance with either article 4, section 24 of the state constitution or with CR 83(a). The constitutional provision obviously does not apply to local rules. CR 83(a) does apply, and provides:

> Each superior court by action of a majority of the judges may from time to time make and amend local rules governing its practice not inconsistent with these rules.

The requirement under consideration, established by the presiding judge, cannot be deemed a "rule" because it was not adopted by a majority of the judges in King County. In each of the cases, plaintiff's counsel was told the order would be signed if the disputed provision were inserted, and would not be signed without the disputed provision. This is consistent with being an exercise of judicial discretion in each case, and, therefore, the objection to improper adoption of a local rule is not well taken.

On the other hand, this matter being an exercise of judicial discretion raises another problem. The rule is well established that mandamus will not lie to control the exercise of discretion. *State ex rel. Dawson v. Superior Court,* 16 Wn.2d 300, 133 P.2d 285 (1943). Mandamus will lie, however, to require that discretion be exercised. *O'Connor v. Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969).

Mandamus will not lie to control a course of conduct. It was said in *State ex rel. Hawes v. Brewer,* 39 Wash. 65, 67-68, 80 P. 1001 (1905):

> Mandamus will not lie to compel a general course of official conduct, as it is impossible for a court to oversee the performance of such duties.

To the same effect are *State ex rel. Pac. Am. Fisheries v. Darwin,* 81 Wash. 1, 142 P. 441 (1914); *State ex rel. Beardslee v. Landes,* 149 Wash. 570, 271 P. 829, 64 A.L.R. 973 (1928).

■ Full access to the courts in a divorce action is a fundamental right. *Boddie v. Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971); *Ashley v. Superior Court,* 82 Wn.2d 188, 509 P.2d 751 (1973); *aff'd on rehearing,* 83 Wn.2d 630, 521 P.2d 711 (1974).

Respondent shall exercise discretion in each of the four cases involved herein. Such discretion shall be exercised in each case on an individual basis consistent with the facts. If in any one or more of the four cases it appears to be a useless act to require the show cause hearing, then, in that case, the requirement of such hearing would constitute an undue burden upon plaintiff's access to the judicial system. If, on the other hand, and only if, good cause appears to believe a defendant can pay the costs involved, then the requirement would be a proper exercise of judicial discretion.

■ In considering what is the proper exercise of judicial discretion in such matters, the respondent should consider any available information as to the financial situation and earning ability of each named defendant. If it be made to appear that a defendant is without means to pay the costs which are involved herein, and that such defendant is unlikely to be earning enough within the immediate future to pay such costs, then a requirement to proceed against the defendant would be an undue burden to place upon the plaintiff. If a defendant cannot be found with reasonable effort and plaintiff states under oath that he or she does not

know the whereabouts of defendant, then such a requirement would likewise be an undue burden and would constitute a constitutionally impermissible impediment upon access to the judicial system.

As to the further requirement that plaintiff's attorney "initiate all necessary and proper legal proceedings to enforce any order on show cause by [the] court" such requirement is premature. After a hearing, such an order might be indicated in one or more of the cases. In the present posture of the cases, no justification exists for such a requirement. Certainly, in three of the cases, ability to pay appears nonexistent on the face of the affidavits. Establishing such a requirement before good cause therefor has been shown constitutes an undue burden upon the plaintiff's constitutional right to access to the courts, and as such is impermissible.

On October 20, 1972, respondent did not have the benefit of *Ashley v. Superior Court, supra,* which was filed first May 10, 1973. After rehearing, the final opinion was filed April 18, 1974, at 83 Wn.2d 630, 521 P.2d 711. *Ashley* substantially disposes of the question of waiver of a sheriff's fees for service of process.

It is within the inherent power of a court exercising common-law jurisdiction, which the superior court does, to make such orders as are necessary to protect the rights of the poor to access to the judicial system. *O'Connor v. Matzdorff, supra* at 600. The respondent should, therefore, make such orders in the exercise of sound discretion as will insure to the petitioners their fundamental rights. As we said in *Ashley,* in the opinion of May 10, 1973, "the method of service of the summons and complaint [is] to be decided by the superior court." In the later opinion we expressed substantially the same rule, saying at page 637:

> [W]e think it is within the power and the discretion of this court and of the Superior Court to waive the particular provisions of a rule providing the method by which notice is to be given upon the condition that another method, more reasonably calculated to effectively give notice, is utilized.

106

The writ will issue with directions to respondent to proceed in the case of each individual petitioner in a manner consistent herewith.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.