38 P.3d 1030 (2002)
In re the Marriage of Charles BARRETT-SMITH, Respondent and Cross-Appellant,
v.
Cindy BARRETT-SMITH, Appellant and Cross-Respondent.
No. 25623-1-II.
Court of Appeals of Washington, Division 2.
January 25, 2002.
*1031 Nathan James Neiman, Attorney At Law, Redmond, Counsel for Appellant.
Edward Marshall Lane, Smith Alling Lane P.s., Tacoma, Counsel for Respondent.
QUINN-BRINTNALL, J.
On the opening day of a dissolution trial, Cindy Barrett-Smith moved for a continuance based on her medical condition and lack of representation. The judge pro tempore denied her request. On appeal, Cindy asserts that her motion for continuance was improperly denied; Charles Barrett-Smith concedes the trial court erred in denying the continuance and that a new trial is warranted. Based on this concession, we reverse.
Although each asserts different grounds, both parties also challenge the authority of the judge pro tempore and request that the new trial be held before a duly-elected judge of the Pierce County Superior Court. We agree that Pierce County's "Hired Pro Tem" judicial selection process does not comply with RCW 2.08.180, the statute that governs appointment of judges pro tem. We reverse and remand for a new trial before a superior court judge or properly appointed judge pro tempore.

ANALYSIS
Access to the courts in a dissolution action is a fundamental right. Whitney v. Buckner, 107 Wash.2d 861, 866, 734 P.2d 485 (1987) (citing Bullock v. Superior Court, 84 Wash.2d 101, 103, 524 P.2d 385 (1974)). We are fully aware that a superior court has a legitimate interest in regulating civil practice in its courts and promoting the efficient administration of justice. To this end, superior courts are empowered to promulgate local rules so long as they are consistent with the civil rules adopted by the Supreme Court. CR 83(a); GR 7; Whitney, 107 Wash.2d at 868, 734 P.2d 485.
*1032 Cases in the superior court of any county may be tried by a judge pro tempore in accordance with RCW 2.08.180.[1] That statute requires that judges pro tempore receive compensation of one-two hundred and fiftieth of the annual salary of a superior court judge for each day of trial, to be paid in the same manner as the salary of the superior court judge.
The Pierce County Superior Court did not follow the statutory procedures for appointing a judge pro tempore to preside over the Barrett-Smith dissolution trial. Instead, the parties were required to follow a Hired Pro Tem Judge Policy (Policy).[2] The Policy requires the parties to personally pay directly the negotiated fee of the pro tem judge. These requirements are inconsistent with the statute governing appointment of judges pro tempore.[3]
That statute requires that the salary of a judge pro tempore be independently and anonymously paid in the same manner as the salary of a superior court judge, through tax dollars not directly by the participants themselves. RCW 2.08.180.
The appointment of an officeholder, here a judge tempore, in violation of the authorizing statute is a nullity. This does not mean, however, that the judge pro tem's actions are null and void. Instead, the judge pro tem serves as a de facto judge until he is removed of the right to hold public office through a quo warranto proceeding.
A de facto judge may be defined as one who occupies a judicial office under some color of right, who exercises the duties of the judicial office under color of authority pursuant to an appointment or election thereto, and for the time being performs those duties with public acquiescence, though having no right in fact, because the judge's actual authority suffers from some procedural defect.
Cotton v. City of Elma, 100 Wash.App. 685, 700, 998 P.2d 339, review denied, 141 Wash.2d 1029, 11 P.3d 824 (2000) (quoting 46 AM.JUR. 2d, Judges, § 242 (1994)) (footnotes omitted) (emphasis added).
This court long ago ruled that the actions of a de facto judge are valid.

*1033 To constitute a person an officer de facto, he must be in actual possession of the office, exercising its functions and discharging its duties under color of title. State v. Britton, 27 Wash.2d 336, 178 P.2d 341 (1947). Color of title distinguishes him from a usurper; active possession, despite a defect in title, distinguishes him from a de jure office holder. As an officer de facto, he must be submitted to as such until displaced by a regular direct proceeding for that purpose. The proper and exclusive method of determining the right to public office is through a quo warranto proceeding. Green Mountain School Dist. v. Durkee, 56 Wash.2d 154, 351 P.2d 525 (1960). Judge Pro Tempore Brown was appointed by written order of the court, and had performed the functions of his office for more than 1 year prior to issuance of the search warrant in the instant case. To hold, as defendant argues, that an irregular appointment of a judge pro tempore renders his subsequent official actions null and void, would unduly disrupt the orderly function of the judicial process. Necessity and public policy compel us to hold otherwise.
State v. Franks, 7 Wash.App. 594, 596, 501 P.2d 622 (1972).
On August 20, 1999, a duly-elected Pierce County superior court judge signed an order appointing a pro tem judge. The order provided that "due to the new Pro Tem Judge policy, this matter will be held at the conference rooms of Byers & Anderson and the expense of the judge pro tem, judicial assistant, and court reporter will be paid by the parties to the action." Clerk's Papers at 43. The pro tem judge thus appointed occupied his position under color of authority represented by this order. But because the order does not satisfy the requirements of RCW 2.08.180, he did so as a de facto judge.
Charles concedes that the trial judge erred in denying Cindy's request for a continuance and that a new trial is warranted. We remand for a new trial before a duly elected superior court judge or judge pro tem appointed in accordance with the requirements of RCW 2.08.180.
ARMSTRONG, C.J., and HUNT, J., concur.
NOTES
[1] RCW 2.08.180 states as follows:

A case in the superior court of any county may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case; and his action in the trial of such cause shall have the same effect as if he were a judge of such court. However, if a previously elected judge of the superior court retires leaving a pending case in which the judge has made discretionary rulings, the judge is entitled to hear the pending case as a judge pro tempore without any written agreement.
A judge pro tempore shall, before entering upon his duties in any cause, take and subscribe the following oath or affirmation:
"I do solemnly swear (or affirm, as the case may be,) that I will support the Constitution of the United States and the Constitution of the State of Washington, and that I will faithfully discharge the duties of the office of judge pro tempore in the cause wherein .......... is plaintiff and .......... defendant, according to the best of my ability."
A judge pro tempore who is a practicing attorney and who is not a retired justice of the supreme court or judge of a superior court of the state of Washington, or who is not an active judge of an inferior court of the state of Washington, shall receive a compensation of one-two hundred and fiftieth of the annual salary of a superior court judge for each day engaged in said trial, to be paid in the same manner as the salary of the superior judge. A judge who is an active judge of an inferior court of the state of Washington shall receive no compensation as judge pro tempore. A justice or judge who has retired from the supreme court, court of appeals, or superior court of the state of Washington shall receive compensation as judge pro tempore in the amount of sixty percent of the amount payable to a judge pro tempore under this section.
[2] The Policy purports to have the effect of a local rule but, as far as we have been able to determine, it has not been properly filed with the Administrator for the Courts. It is, therefore, ineffective. GR 7; CR 83.
[3] The Policy also requires the parties to negotiate and pay directly the costs of the court clerk and a private court reporter, and allows trials to be conducted in private law offices rather than in public. As such, the Policy closely resembles an arbitration process, which is not only inconsistent with the statute but also inappropriate in a dissolution action. In re Parentage of Smith-Bartlett, 95 Wash.App. 633, 976 P.2d 173 (1999). Given the fundamental nature of the right of public access to the courts, particularly in dissolution cases, use of this Policy is suspect and ill-advised.