# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2016 DEC 19 AM 8:5

IN RE THE ESTATE OF EDWARD ) No. 74873-4-I
COAKER, )
)
WILLIAM P. COAKER, )
)
        Appellant, )
) DIVISION ONE
     v. )
)
MICHAEL E. COAKER, ) UNPUBLISHED OPINION
)
        Respondent. ) FILED: December 19, 2016

SPEARMAN, J. — William Coaker (Bill), the son of decedent Edward William Coaker (Ed), filed a will contest action disputing the validity of Ed's will. The trial court found that Bill did not provide timely personal service of the will contest on the personal representative of Ed's estate and dismissed his claim on summary judgment. Because we agree that Bill did not comply with the strict statutory requirements for commencing a will contest, and there is no basis to toll the statute of limitations for filing such a claim, we affirm.

## FACTS

The decedent, Ed, was born on November 28, 1944. He married Patricia Coaker. They divorced in 1980, but quickly remarried. They divorced again in 1985, but continued to live together. Ed and Patricia had two sons, Michael and

Bill. Bill was a poor student, receiving low grades and some supplemental or special education services. But he progressed in school each year before dropping out in his junior year. Bill attests that he is mentally disabled and has a limited ability to read. He qualifies for Supplemental Security Income based on disability. Medical records note that Bill has "deficient language, is forgetful, has poor insight, has poor attention span and concentration." Clerk's Papers (CP) at 194.

The parties present conflicting evidence about Bill's relationship to his family. The personal representative (PR) presented evidence that for the last 28 years, Bill had limited contact with his family, visiting occasionally for a day or so and then having no contact for years. Ed and Patricia raised Bill's three children from a very young age. Those children saw Bill only occasionally and do not have a relationship with him as adults. The PR also provided evidence that nobody in the family knew Bill's location when Ed died. By contrast, Bill presented evidence that he and Ed were close and worked together on construction jobs.

Ed died on November 28, 2013. On September 3, 2014, Michael submitted for probate, a will executed by Ed on July 24, 2013. The will named Michael as PR and listed specific property passing to Michael and one of Bill's children, Shawn. The will provided that the residue of the estate would pass to Patricia and Michael. It left Bill five dollars.

The court appointed Michael as PR. Shawn and Patricia were notified by mail of the PR appointment and pendency of probate. Michael's counsel

conducted an internet search for Bill, but was not able to find an address for him in Washington or in any other state. With no address for him, Michael did not mail Bill the notice of probate. However, Michael published a notice to creditors in the Snohomish County Tribune from September 10-24, 2014.

On February 13, 2015, a newly discovered will was admitted to probate. This subsequent will was executed by Ed on or about August 26, 2013, about a month after the prior will. It again named Michael as PR, but left the bulk of the estate to Patricia. In the new will, both Michael and Bill were left five dollars.

By March 20, 2015, Bill knew that his father had died and that probate was pending. On June 11, 2015, Bill filed a pro se "Creditor's Claim" for fifty percent of Ed's estate, alleging, "Dad's signature is forged on both wills." CP at 300; 403. Bill twice noted the matter for hearing and mailed a copy to Michael's attorney. Bill did not confirm the hearing, so it was struck. On June 25, 2015, Bill filed a pro se motion and declaration to remove the PR and contest the will. He also alleged that the PR improperly served documents. He noted this motion and another nearly identical motion three different times, but the court ultimately struck them. On July 10, 2015, Michael mailed Bill a notice of appointment and pendency of probate.

On October 26, 2015, counsel appeared for Bill. On November 18, 2015, Michael filed a "Notice of Rejection of Creditor's Claim" that rejected Bill's June 11, 2015 claim. On November 30, 2015, Bill filed a petition pursuant to the Trust and Estate Dispute Resolution Act (TEDRA) seeking to contest the will, remove Michael as personal representative, obtain an accounting of the Estate, restrain

transfer of Estate property, appoint an alternative personal representative, admit to probate the intestate estate of Ed, and compel mediation of the estate. The PR was personally served with the petition on December 2, 2015. On December 17, 2015, Bill filed a motion seeking the same relief. The court consolidated the probate action and Bill's TEDRA action under the probate cause number.

Michael brought a motion for summary judgment seeking dismissal of the will contest on the ground that it was untimely. On February 12, 2016, the trial court granted Michael's motion for summary judgment, dismissing Bill's will contest and awarding attorney fees to Michael. Bill appeals.

## DISCUSSION

The appellate court reviews a summary judgment order de novo, engaging in the same inquiry as the superior court. Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Id. at 34. A court may grant summary judgment if the pleadings, affidavits, and depositions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995).

Bill argues that the trial court erred by dismissing his will contest on summary judgment. His assignments of error numbers seven through twelve are iterations of this argument. Bill contends that he substantially complied with the procedures for commencing a will contest and TEDRA action. The PR argues

that Bill's will contest was properly dismissed because Bill failed to comply with the strict requirement to personally serve the will contest on the PR.

After a will is filed for probate, there is a four month statute of limitations for initiating a will contest. To toll the limitations period,

> a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.
>
> If no person files and serves a petition within the time under this section, the probate or rejection of such will shall be binding and final.

RCW 11.24.010. "Washington courts have always strictly enforced the requirements for commencing will contest actions, . . ." Miles v. Jepsen, 184 Wn.2d 376, 381, 358 P.3d 403 (2015). In Jepsen, a will contest was time-barred because the petitioner emailed the will contest petition to the PR's attorney rather than personally serving the PR. Id. at 381. In this case, Ed's subsequent will was admitted to probate on February 13, 2015. Bill filed a creditor's claim on June 11, 2015, two days before the end of the four-month limitations period. Bill mailed multiple calendar notes for multiple creditor's claims to the PR's attorneys in June and July. But he did not personally serve the PR within ninety days of filing, as required by RCW 11.24.010.[1] Under Jepsen, Bill must strictly comply with RCW 11.24.010 to commence a will contest. Mailing notice of a will contest to the PR's attorney does not comply with RCW 11.24.010. Because the PR was never

---

[1] The first time that Bill personally served the PR was on December 2, 2015, well past the ninety day deadline.

personally served with the will contest petition, the probate of Ed's will is binding and final.

Bill makes numerous arguments why the statute of limitations should be tolled, making his will contest timely. First, Bill contends that the PR's failure to provide notice of probate tolls the limitations period. The PR must provide notice of probate to heirs and beneficiaries "whose names and addresses are known to him . . . ." RCW 11.28.237. Notice may be served personally or by mail. Id. The PR must "'make an earnest effort in the course of his trust to determine who would be lawfully entitled to the estate.'" In re Estate of Little, 127 Wn. App. 915, 923, 113 P.3d 505 (2005) (quoting Hesthagen v. Harby, 78 Wn.2d 934, 941, 481 P.2d 438 (1971). Just as a PR must exercise due diligence to identify heirs, a PR must also diligently try to find and provide notice to those heirs.

The PR presented evidence that he did not know Bill's location and that an internet search for Bill did not uncover a current address for him. Bill submits sworn testimony that the PR knew Bill's phone number and that, for a fee, his address could have been found through an internet background check. Viewing the evidence in the light most favorable to Bill, and assuming the veracity of Bill's evidence, there is at least an issue of fact about whether the PR exercised due diligence to provide notice because he knew, but did not call, Bill's phone number.

But even assuming that the PR failed to exercise due diligence in providing Bill notice of the probate proceedings, Bill is not entitled to the relief he seeks: tolling the statute of limitations for his will contest. "[T]he will contestant's

time period in which to act is tied to the date the will is admitted to probate, regardless of when the contestant receives notice." In re Estate of Toth, 138 Wn.2d 650, 654, 981 P.2d 439, 442 (1999). But if no notice is provided, the statute of limitations for will contests is tolled. Hesthagen, 78 Wn.2d 934; In re Estate of Walker, 10 Wn. App. 925, 521 P.2d 43 (1974). Once a will contest is filed, the petitioner has ninety days to perfect the action by personal service on the PR. RCW 11.24.010. Here, the PR's deficient notice tolled the limitations period for Bill to commence the will contest. Bill filed the will contest on June 11, 2015 but did not personally serve the PR until December 2, 2015, well beyond the ninety day period. Even if the PR failed to diligently attempt to give notice to Bill, that fact is immaterial to Bill's failure to timely perfect his will contest.[2] In light of the strict enforcement of the requirements necessary to commence a will contest, Bill's argument that the statute of limitations should be tolled on this ground is without merit.

Bill makes several additional arguments for tolling the limitations period. First, he argues that the PR waived the statute of limitations defense. Bill contends that the personal service of a will contest establishes personal jurisdiction, and that the PR waived this defense by not asserting it in the claim

---

[2] Even if we were to conclude that the statute of limitations was tolled because the PR did not provide notice to Bill within twenty days of the appointment as required by RCW 11.28.237, we would reach the same result. Any defect in providing Bill with timely notice was cured when the PR gave Bill notice on July 10, 2015. See In re Estate of Walker, 10 Wn. App. at 932. Even if Bill is afforded a new four month limitations period subsequent to receiving notice, it would be of no help to him. The deadline for filing a petition contesting the will would have been November 10. Bill did not file his second petition until November 30, 2015. And even if we were to assume his first petition was effective, following notice on July 10, Bill did not effect personal service on the PR until December 2, 2015, well beyond the ninety days permitted between filing and service.

rejection. This argument fails because the personal service requirement in RCW 11.24.010 is necessary to commence a will contest, but not to establish personal jurisdiction. Jepsen, 184 Wn.2d 376. The PR does not waive compliance with statutory requirements for commencing a will contest by responding to the petition. Jepsen, 184 Wn.2d at 382 n.7. Accordingly, we reject Bill's waiver argument.

Bill also argues that the statute of limitations should be tolled because the PR breached his fiduciary duties. He contends that RCW 11.96A.070 provides longer statutes of limitation for actions for breach of fiduciary duty. The PR argues that a breach of fiduciary duty claim under RCW 11.96A.070 does not toll the limitations period for will contests established by RCW 11.24.010. We agree. Because Bill filed a will contest claim, not an action for breach of fiduciary duty, the statute of limitations in RCW 11.96A.070 is inapplicable to this matter.

Next, Bill argues that even if he did not comply with the procedures for commencing a will contest, the statute of limitations to perfect his will contest claim should be tolled under RCW 4.16.190 for the period of his disability or incapacity. RCW 4.16.190 tolls a statute of limitations for a person who cannot understand the nature of the proceedings for the duration of his or her incompetence. Bill's argument fails because will contests are not an action under Chapter 4.16 RCW. The statute of limitations for a will contest is governed by Chapter 11.24 RCW, which does not include a provision for tolling the statute based on disability.

In a related argument, Bill contends that the statute of limitations should be tolled as a disability accommodation until he could obtain counsel or be appointed counsel. He argues that under the Washington Constitution, the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 et seq., the Washington Law Against Discrimination, chapter RCW 69.40 RCW (WLAD), and GR 33, principles of due process and access to the courts require tolling for disability. But Bill cites no authority in support of these arguments and we have found none.[3]

The will contest statute does not provide for tolling based on disability or equity and "[t]his court has strictly enforced the statutory period for filing will contest petitions." In re Toth, 138 Wn.2d 656. "[F]actual inequities do not justify circumventing a clear rule articulated by the Legislature." Id. at 657. This is consistent with Washington's "long-standing public policy of promoting the prompt and efficient resolution of matters involving trusts and estates." RCW 11.96A.070 (3). In 1917, the Legislature expressly repealed a provision that tolled the limitations period for will contests for persons "of unsound mind." Laws of 1917, ch. 156, § 15. Because the legislature has concluded that the limitations period for will contests cannot be tolled for disability, we are not at liberty to

---

[3] Bill's reliance on Tennessee v. Lane, 541 U.S. 509, 124 S. Ct 1978, 158 L. Ed. 2d 820 (2004) and Bullock v. Superior Court, 84 Wn.2d 101, 524 P.2d 385 (1974) is misplaced because the cases are wholly unrelated to the issue at hand. Lane concerned whether enactment of the ADA was a constitutionally valid exercise of Congress' enforcement power under the Fourteenth Amendment to the U.S. Constitution. In Bullock, petitioners in divorce proceedings challenged conditions the trial court placed upon their ability to proceed in forma pauperis. The court held that the trial court could impose such conditions as it deemed necessary except as they might unduly burden petitioners' right of access to the judicial system. Bill fails to explain how either case is applicable to whether we may toll the statute of limitations when the legislature has expressed its disapproval of tolling on the very ground advocated for here.

conclude that it may be tolled as a reasonable accommodation of a disability. We decline to rewrite the statute to include tolling for reason of a disability where the legislature expressly rejected it.

Bill makes several additional assignments of error that relate to tolling. First, he argues that "[t]he trial court erred in failing to address Bill's oral and written request for reasonable accommodations of his mental disability and illiteracy." Brief of Appellant at 8. As explained above, Bill's requested accommodation (tolling the statute of limitations) is not available as a matter of law.

Second, Bill contends that "[t]he trial court erred when it failed to make inquiry as to Bill's allegations of disability per the Americans with Disabilities Act ("ADA") and GR 33." Brief of Appellant at 8-9. With respect to this assignment of error, the record is insufficient for us to determine whether and what inquiry was made into Bill's disability because he failed to provide a verbatim report of proceedings.[4] And even if the trial court failed to make an inquiry under GR 33 or the ADA, Bill is not entitled to tolling of the statute of limitations. The record shows that Bill obtained counsel by October 26, 2013. With representation by counsel, Bill could have filed a timely will contest petition by November 10, 2015. He did not do so.

Third, Bill contends that "[t]he trial court erred when it dismissed and failed to make findings regarding Bill's disability." Br. of Appellant at 9. However,

---

[4] In his declaration, Bill attests to his colloquy with the court about his disability at the July 31, 2015 hearing. It does not reflect that he made a request to the court for accommodation as required by GR 33.

10

summary judgment is reviewed de novo on appeal so findings are "merely superfluous and of no prejudice" to Bill. Gates v. Port of Kalama, 152 Wn. App. 82, 87 n. 6, 215 P.3d 983 (2009), quoting State ex rel. Carroll v. Simmons, 61 Wn.2d 146, 149, 377 P.2d 421 (1962).

Fourth, Bill argues that "[t]he trial court erred when it failed to continue the matter for further court inquiry based on Bill's request for reasonable disability accommodation in writing per GR 33." Brief of Appellant at 9. Bill does not cite to, and we cannot find, evidence in the record that Bill requested a continuance.[5]

Bill's sixth assignment of error is that "[t]he trial court erred when it failed to appoint a GAL . . . ." Br. of Appellant at 9. Prior to the entry of the order on summary judgment, Bill filed a motion for appointment of Guardian ad Litem (GAL). Bill assigns error to the trial court's failure to appoint a GAL to represent him in these proceedings. However, the trial court's order on summary judgment does not make findings or orders regarding the petition for appointment of a GAL. Thus, we conclude that this issue is not properly before the court.

We conclude that Bill failed to properly commence his will contest claim within the limitations period because he failed to personally serve the PR with a will contest petition within the time allowed by statute. The trial court did not err when it granted the PR's motion for summary judgment and dismissed his claim.

---

[5] In Bill's fifth assignment of error, he contends "[t]he trial court erred when it failed to exercise discretion amounting to an abuse of discretion." Br. of Appellant at 9. But because he does not support this claim of error with either argument or authority, we decline to consider it. "A party abandons assignments of error to findings of fact if it fails to argue them in its brief." Valley View Indus. Park v. City of Redmond, 107 Wn.2d 621, 630, 733 P.2d 182 (1987) (citing Seattle Sch. Dist. 1 v. State, 90 Wn.2d 476, 585 P.2d 71 (1978)).

Attorney Fees

The PR requests reasonable attorney fees on appeal under RCW 11.24.050 and 11.96A.150. If a will is sustained in a will contest, "the court may assess the costs against the contestant, including, unless it appears that the contestant acted with probable cause and in good faith, such reasonable attorney's fees as the court may deem proper." RCW 11.24.050. In a TEDRA action, the court may order attorney fees "in such amount and in such manner as the court determines to be equitable." RCW 11.96A.150. Weighing the equities in this case, we do not conclude that an award of attorney fees is warranted and accordingly, decline the PR's request.

Affirm.

WE CONCUR: