ATTORNEY GENERAL, *ex rel.* GREENFIELD, *v.* BOARD OF SUPERVISORS OF ALCONA COUNTY.

1. MANDAMUS — BOARD OF SUPERVISORS — FUNDS OF MUNICIPAL CORPORATIONS—JAIL.

It was correctly determined by the court to whom issues of fact were referred, in mandamus to compel the board of supervisors of Alcona county to rebuild the county jail, that the money received by the county treasurer from insurance policies on the building, which was destroyed by fire, remained unexpended in the hands of the country treasurer, though testimony was offered tending to show that the fund was intermingled with other public moneys and employed for public purposes, it appearing that no orders had been drawn upon the fund since it was created and that the treasurer had in his hands more than the amount of the insurance money.

2. SAME—STATUTES.

Under section 2544, 1 Comp. Laws, the supervisors have no authority to expend money received from insurance upon public buildings for any other purpose than the reconstruction of the same.

3. SAME.
    Mandamus is the proper remedy to compel such board to re-
    build the jail, for which the county possessed a site, no
    question of the style and character of the building being
    involved.

Mandamus by Franz C. Kuhn, attorney general, on the
relation of John Greenfield and others, to compel the
board of supervisors of the county of Alcona to rebuild
the jail of said county previously destroyed by fire.  Sub-
mitted June 27, 1911.  (Calendar  No. 23,975.)  Writ
granted December 20, 1911.

*Franz C. Kuhn,* Attorney General, and (*Arthur P.
Hicks,* Assistant Attorney General, of counsel), for rela-
tors.

*John A. Stewart,* for respondent.

MCALVAY, J.  This proceeding is an application for
mandamus made by the attorney general, on relation of
several citizens and taxpayers of Alcona county, to com-
pel the board of supervisors of said county to erect and
complete a jail building in the city of Harrisville, the
county seat.  Two answers have been filed to relator's pe-
tition—one on behalf of the board by the prosecuting at-
torney of Alcona county, duly authorized by a vote of
said board; the other on behalf of six individual supervis-
ors upon leave granted by this court.  Upon each of these
answers issues of fact were duly framed and submitted to
the circuit court for the county of Bay for determination.

The county jail of Alcona county burned in January,
1904, and the county received as insurance thereon $2,-
812.22, which money so received, under the provisions of
section 2544, 1 Comp. Laws, can only be used in rebuild-
ing said jail.  It has been impossible to get a necessary
two-thirds vote of the board of supervisors to use the in-
surance money in rebuilding the jail.  About $1,500 has
been expended upon the jail building by vote of the board
of supervisors; this amount being voted from the general

fund for repairing the jail by a majority vote of the board in amounts of $500 per year. In 1907 the board was enjoined by one Simmons and other taxpayers from proceeding unlawfully to rebuild the jail under the guise of repairing the same, which injunction has never been dissolved. At present the exterior walls of the jail are completed, partitions set, rafters and roof boards in place, and a temporary tar paper roof constructed. The temporary roof is now in a bad state of repair, the plastering and interior finish have not been put on, there are no cells installed, and the jail is without a heating plant. The present partially constructed jail building has never been used, and cannot be used for the detention or confinement of prisoners. It has remained in its present condition since 1907. The jail of Alpena county was designated for confinement of prisoners after the burning of the old jail, and has been continuously used for that purpose since the fire. The Alpena county jail is some 35 miles distant from Harrisville. Under this state of facts, it has been necessary for the sheriff of Alcona county to detain prisoners and insane persons overnight in his own home or at the local hotels at great danger to himself, his deputies, and to the public generally. The county of Alcona has been put to great expense for upwards of seven years in paying for the transportation of prisoners and the sheriff to and from Alpena, and for the board of prisoners while confined in the Alpena county jail. During all of this time the respondent board of supervisors has neglected and refused to perform its statutory duty to expend the insurance money in building the jail.

The following issues of fact were presented to and framed by this court, and referred to the circuit court for Bay county for determination:

On the part of respondent board:

" *First.* Is the jail site for Alcona county established upon the following described property, situated in the county of Alcona, to wit: Block 14, or park lot, as appears on the plat of the village of Harrisville, Alcona county,

Mich., as surveyed and platted by H. G. Rothwell, civil engineer, and of record in the office of the register of deeds for Alcona county, except that portion of said block or lot formerly owned by school district No. 1 of the township of Harrisville?

"*Second.* What was the result of the vote of the electors of Alcona county at the special election, held May 31, 1910, upon the question submitted by the board of supervisors for said election: Resolved that the board of supervisors of Alcona county are hereby instructed to spend $2,800 now on hand known as the 'Jail Insurance Fund' in completing the jail?"

On the part of six intervening supervisors the first and third of the issues framed are identical with those just stated. The others were as follows:

"*Second.* What disposition, if any, has been made of the moneys, amounting to $2,812.22, collected as insurance upon the jail building burnt in January, 1904, and paid to the county treasurer pursuant to the provisions of section 2544, Compiled Laws of 1897?".

"*Fourth.* When other than on May 31, 1910, and in what form, if at all, has the question of erecting a jail building been submitted to the electors of Alcona county and with what results?"

The following are the findings of fact of the Bay circuit court upon such issues:

"After hearing the evidence offered in behalf of the relator, respondent, and intervening supervisors, and after due consideration of the same, this court doth find, determine, and answer said issues of fact as follows:

(1) "Upon the issues framed upon the answer of the board of supervisors of Alcona county, the court doth find and determine: *First.* That the jail site for Alcona county is established on the following described land situated in the county of Alcona, to wit: Block 14 (fourteen) or park lot, as appears on the plat of the village (now city) of Harrisville, Alcona county, Mich., as surveyed and platted by the register of deeds for Alcona county, except that portion of said block or lot formerly owned by school district No. 1 of the township of Harrisville. *Second.* The result of the vote of the electors of Alcona county at the special election held May 31, 1910, upon the question submitted by the board of supervisors for said

election, 'Resolved that the board of supervisors of Alcona county are hereby instructed to spend $2,800 on hand, known as the "Jail Insurance Fund" in completing the jail,' was as follows: Total number of votes for said proposition, 637. Number of votes against said proposition, 500. Total number of votes cast for and against the proposition, 1,137.

(2) "Upon the issues framed upon the answer of the six intervening supervisors of Alcona county, the court doth find and determine: [The first and third of these are identical with the first and second above.] *Second.* The moneys amounting to $2,812.22 collected as insurance upon the jail building burned in January, 1904, and paid to the county treasurer pursuant to the provisions of section 2544, Compiled Laws of 1897, were set apart on January 8, 1904, into a fund known and carried upon the books of the county treasurer of Alcona county as a jail insurance fund. No orders have ever been drawn upon or paid out of said fund since it was created, and said fund still remains in tact and available for expenditure in accordance with law." *Fourth.* [The court found that a proposition to borrow $2,000 to build a new county jail was submitted to the voters in April, 1907, and defeated.]

From the answer of respondent board it appears to be admitted that the sum of about $2,800, "known as the "Insurance Fund,' is in the hands of the county treasurer of Alcona county, which funds can only be expended by a two-thirds vote of the members of the board of supervisors, and further says that there is no possible chance for the said board coming to any understanding whereby said money can be expended as aforesaid."

The interveners deny that such money is in the hands of the treasurer.

It also appears from their answer that there is a dispute between factions on this board relative to the location of the county seat, which is now at Harrisville. It is apparent to the court that this dispute has caused the years of delay, and prevention of the application of such fund to the only purpose, as relators claim, for which it may be lawfully used. The portions of the record of respondent board printed clearly show that strenuous efforts to make

such application of this fund have been repeatedly defeated until the present time by interveners and their predecessors in office.

None of the questions relative to the removal of the county seat are involved in these proceedings. Nor are any proceedings now pending relative to such removal. There is no dispute as to the remedy by which relators seek relief.

The controversy resolves itself into a dispute upon one question of fact found by the trial court upon the second issue framed upon the answer of interveners as follows:

"*Second.* The moneys amounting to $2,812.22 collected as insurance upon the jail building, burned in January, 1904, and paid to the county treasurer pursuant to the provisions of section 2544, C. L. 1897, were set apart on January 8, 1904, into a fund known and carried upon the books of the county treasurer of Alcona county as a jail insurance fund. No orders have ever been drawn upon or paid out of said fund since it was created, and said fund still remains intact and available for expenditure in accordance with law."

The interveners proposed certain findings of fact for adoption by the court upon this issue, and claim that this finding by the court is not supported by the record. While not denying that this insurance money was received by the then county treasurer and covered into the treasury, it is urged by them that it was not kept intact as a fund, but was commingled with other moneys from all sources, and has been paid out and expended by respondent board. The testimony presented upon this issue of fact is all returned to this court. The opinion of the court shows that at no time has the cash on hand been less than the amount of this fund. There is no dispute but that over $3,000 was in fact in the treasury. The court has found that the county has this money, and such finding was warranted by the evidence. Under the statute invoked (section 2544, 1 Comp. Laws) there is but one purpose for which this insurance money may be lawfully

used, namely, to repair or rebuild the public buildings destroyed or damaged.

These proceedings have been instituted to compel the performance of an act enjoined by law which this respondent has repeatedly refused to do. The question of the adoption of a location, style, and character of the building is not sought to be enforced. These matters have already been determined by respondent board, and it has proceeded to act upon such determination by expending $1,500 voted for the purpose in erecting this jail building which is upon a site owned by the county.

The use of the writ of mandamus directed to such body to compel the performance of an act enjoined by law, and to compel the performance of such official acts as clearly pertain to their duty and are of absolute obligation, is well recognized. Merrill on Mandamus, §§ 21, 103; 26 Cyc. p. 301, and cases cited. The following cases decided by this court recognize this principle: *Bigelow* v. *Brooks*, 119 Mich. 208 (77 N. W. 810); *Brophy* v. *Schindler*, 126 Mich. 341 (85 N. W. 1114).

Our conclusion is that relators are entitled to the relief asked. A writ of peremptory mandamus will therefore issue, directed to the respondent board of supervisors of Alcona county, compelling them to forthwith convene, and order the expenditure of this insurance money to the amount found by the court, or so much thereof as may be necessary, in completing the rebuilding of the jail in question, as provided by law.

Costs of these proceedings are allowed against the intervening supervisors personally.

OSTRANDER, C. J., and BROOKE, BLAIR, and STONE, JJ., concurred.