INGLIS *v.* PUBLIC SCHOOL EMPLOYEES
RETIREMENT BOARD.

1. ACTION—DEFINITION—DAMAGES.
    A *cause of action* consists of a plaintiff's right and defendant's wrong resulting in damage to plaintiff.

2. SAME—SPECIAL INJURY.
    A right of action does not arise for the refusal or discontinuance of a public duty which does not inflict special injury on plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Actions § 1.
[2] 1 Am Jur 2d, Actions § 66 *et seq.*
[3] 35 Am Jur, Mandamus § 377.
[4] 14 Am Jur, Costs § 91.

3. MANDAMUS—FAILURE TO SHOW INJURY.

    Plaintiff, a retired public school employee, who failed to show whereby she was injured by reason of defendants' failure to follow provisions of statute under which she receives her retirement allowance rather than subsequently enacted statutes *held*, not entitled to writ of mandamus (CL 1948 and CLS 1961, § 38.201 *et seq.*; PA 1957, No 312, § 3[a], as added by PA 1962, No 221; PA 1962, No 230, § 24).

4. COSTS—PUBLIC QUESTION—MANDAMUS.

    No costs are allowed in mandamus proceeding to compel State officers to comply with statutes, a public question being involved (CL 1948 and CLS 1961, § 38.201 *et seq.*; PA 1957, No 312, § 3[a], *as added by* PA 1962, No 221; PA 1962, No 230, § 24).

Original complaint for mandamus by Ada Inglis against the Public School Employees Retirement Board, Lynn Bartlett, as superintendent of public instruction, and Sanford A. Brown, as State treasurer, to enforce contributions to the retirement fund under school employees retirement act. Submitted June 3, 1964. (Calendar No. 15, Docket No. 50,438.) Writ denied November 2, 1964.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, for defendants.

ADAMS, J.   Plaintiff, a retiree under the school employees' retirement system, seeks mandamus to compel defendants to follow PA 1945, No 136, as amended (CL 1948 and CLS 1961, § 38.201 *et seq.* [Stat Ann 1959 Rev and Stat Ann 1963 Cum Supp § 15.893(1) *et seq.*]),[1] the act under which she receives her retirement allowance, in determining

---

[1] Particularly ch 1, § 27 (CLS 1961, § 38.227 [Stat Ann 1959 Rev § 15.893(27)]).—REPORTER.

amounts to be appropriated to the retirement fund out of the school aid fund.

Plaintiff contends that defendant board should disregard the provisions of PA 1957, No 312, § 3a, as added by PA 1962, No 221 (CL 1948, § 388.613a [Stat Ann 1963 Cum Supp § 15.1919(53a)]), and PA 1962, No 230, § 24, on the ground that the latter are unconstitutional because the titles do not express the purpose of amending the 1945 act.[2]

Plaintiff does not allege that the benefits paid and to be paid to her as a present and future retiree will be adversely affected and makes no claim that her retirement allowance is in arrears. To the contrary, in her complaint she states:

"Upon information and belief, that the defendants herein have no desire to deny to this plaintiff the sums to which she is legally entitled."

The first question presented is whether the plaintiff has standing to seek mandamus inasmuch as her allegations fail to show that she would be adversely affected. In 1 MLP, Action, § 3, p 108, it is stated:

"In accordance with the generally approved definition of 'cause of action,' as consisting of plaintiff's right and defendant's wrong, it is necessary to give rise to a cause of action that there be a violation of some positive legal right, or the breach of a legal duty *resulting in damage to plaintiff.*" (Emphasis added.)

In 1 CJS, Actions, § 10, p 993, it is stated:

"A cause of right of action does not arise for the refusal or discontinuance of * * * a public duty which does not inflict special injury on plaintiff."

---

[2] See Const (1908), art 5, § 21, and, currently, Const (1963), art 4, § 24. The acts cited were appropriation acts and the sections objected to provided for allocation of funds to the retirement systems in a manner at variance with the provisions of the school employees retirement act.

In the case of *Child* v. *Emerson,* 102 Mich 38, where the plaintiffs, husband and wife, brought an action for slander of a business which was the sole property of the wife, and in which the only interest of the husband was that of an employee whose compensation would be determined by the amount of the profits, it was held that such interest of the husband did not entitle him to join with the owner in an action for injury to the business. In that case the compensation of the employee was directly related to the profits of the business, which, presumably, could be affected by a slander. In this case the plaintiff has attempted no showing whatsoever of injury to herself as a result of the action of the defendants in following the provisions of PA 1962, No 221, and PA 1962, No 230.

"It has become the settled policy of this Court to deny the writ of mandamus to compel the performance of public duties by public officers, except where a specific right is involved not possessed by citizens generally." *Wilson* v. *Cleveland,* 157 Mich 510, 511 (133 Am St Rep 352).

Inasmuch as plaintiff has failed to show any facts whereby she is injured, she lacks standing. The application for writ of mandamus is denied. No costs, a public question being involved.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.