KILLEEN v WAYNE COUNTY CIVIL SERVICE COMMISSION

Docket Nos. 55300, 55411. Submitted May 20, 1981, at Detroit.—
Decided July 23, 1981.

The Wayne County Civil Service Commission created the classification of Assistant Director of Personnel Services within the Wayne County Road Commission. The Civil Service Commission later approved the appointment of Joan M. Petitpren by the Road Commission as Assistant Director of Personnel Services. Petitpren thereupon resigned from her then present employment and assumed the position with the Road Commission. George F. Killeen thereafter filed a complaint against the Wayne County Civil Service Commission in Wayne Circuit Court seeking an order of superintending control or in the alternative a writ of mandamus to have the particular appointment of Petitpren rescinded for the reason that the Civil Service Commission failed to follow the appointment procedure provided for in the County Civil Service Act and for failure to follow its own rules. Killeen alleged that he was a duly elected member of the Wayne County Board of Commissioners and therefore especially interested in the matter. Subsequently, Petitpren was allowed to intervene as of right as a party defendant. Petitpren thereafter moved for accelerated judgment. Charles Kaufman, J., denied Petitpren's motion for accelerated judgment because Killeen as a taxpayer had standing because the appointment could have affected him as a taxpayer. Petitpren appeals the trial court's denial of her motion for accelerated judgment. The trial court entered an order of superintending control over the Wayne County Civil Service Commission declaring the provisional appointment of Petitpren as Assistant Director of Personnel Services for the Wayne County Road Commission revoked. The Wayne County Road Commission was granted permission to intervene as an appellant for purposes of this appeal by order of the Court of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 74 Am Jur 2d, Taxpayers' Actions § 4.
[3] 74 Am Jur 2d, Taxpayers' Actions § 3.

Appeals. The appeals were consolidated by order of the Court of Appeals. *Held:*

The plantiff's status as a taxpayer is not sufficient to give him standing to maintain the suit against the Wayne County Civil Service Commission. Since the plaintiff's complaint fails to set forth any allegations that he is specially injured, he has no standing to seek either superintending control or mandamus for the infraction of a public duty. The mere fact that the plaintiff also is a member of the Wayne County Board of Commissioners does not confer standing to maintain this action. The trial court's denial of Petitpren's motion for accelerated judgment should be reversed, the order of superintending control vacated, and plaintiff's complaint dismissed.

Reversed with instructions.

1. TAXATION — TAXPAYER'S SUIT.

The right of an individual taxpayer to bring suit involving a public right against a governmental agency historically has been very limited; prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the threat that he will sustain substantial injury or suffer loss or damage as a taxpayer through increased taxation and the consequences thereof.

2. TAXATION — TAXPAYER'S SUIT.

A bald allegation that tax monies are being expended is too general and conclusory to serve as a springboard for the maintenance of a taxpayer's suit since such allegations would be equally applicable to practically every action taken by a unit of government and would throw open the doors to unlimited, unrestricted citizen's lawsuits.

3. ACTIONS — PUBLIC GRIEVANCES.

Public grievances must be brought into court by public agents and not by private intervention since grievances which afflict the community must be redressed by those to whom the law has intrusted the duty of interference.

*Rose Mary C. Robinson,* for plaintiff.

*Bodman, Longley & Dahling,* for Wayne County Road Commission.

*Nellis, Jahr & Steffen,* for Joan Petitpren.

Amicus Curiae:

*Maurer, Kalls, Long & Bunn,* for Locals 101 and 1862, Council No. 25, American Federation of State, County and Municipal Employees, AFL-CIO.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

PER CURIAM. This action is before this Court on the consolidated appeal of intervening defendant-appellant Joan Petitpren and intervening appellant Wayne County Road Commission. Petitpren appeals from the denial of her motion for accelerated judgment and the trial court's order for superintending control of the Wayne County Civil Service Commission declaring the provisional appointment of defendant Petitpren as Assistant Director of Personnel Services for the Wayne County Road Commission revoked. Intervening appellant, Wayne County Road Commission, by order of this Court dated January 15, 1981, was granted permission to intervene as an appellant for purposes of the instant appeal.

On appeal, both appellants Petitpren and Wayne County Road Commission contend that plaintiff lacked legal standing to challenge the Wayne County Civil Service Commission's approval of Petitpren's provisional appointment to the position of Assistant Director of Personnel Services for the Wayne County Road Commission. We agree with appellants and, hence, dismiss the plaintiff's complaint, vacate the trial court's order of superintending control, and reinstate Petitpren's provisional appointment.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The following factual and procedural summary frames the present controversy.

On July 23, 1980, the Wayne County Civil Service Commission created the classification of Assistant Director of Personnel Services within the Wayne County Road Commission. On or about September 10, 1980, the Road Commission provisionally appointed Petitpren to this position and requested that the Civil Service Commission confirm the provisional appointment. Shortly thereafter, the Civil Service Commission approved the appointment and, consequently, defendant Petitpren resigned from her then present employment and assumed this position within the Road Commission.

Plaintiff, thereafter, filed the instant complaint seeking an order of superintending control or, in the alternative, a writ of mandamus against the Civil Service Commission requesting to have the particular appointment of Petitpren rescinded for the reason that the Civil Service Commission failed to follow the appointment procedure provided for in the County Civil Service Act, MCL 38.401 *et seq.;* MSA 5.1191(1) *et seq.,* and for failure to follow its own rules. In short, the gravamen of the complaint was the manner and procedure by which the Civil Service Commission approved the particular appointment of Petitpren; it was not the creation or appointment of the position in general. The complaint alleged that plaintiff was a "taxpayer whose tax monies directly and/or indirectly are being or will be expended as a result of the illegal activity complained of herein". Plaintiff further alleged that he was a duly elected member of the Wayne County Board of Commissioners and "therefore especially interested in promoting the lawful, orderly and efficient

administration of all of said county's board, commissioners and departments including the Wayne County Civil Service Commission".

On October 31, 1980, appellant Petitpren was allowed to intervene as of right as a party defendant. In her motion for accelerated judgment, she argued that the allegations set forth in plaintiff's complaint were not sufficient to give plaintiff standing to challenge the Wayne County Civil Service Commission's approval of her provisional appointment as Assistant Director of Personnel Services for the Wayne County Road Commission. The trial court denied her motion on the grounds that plaintiff as a taxpayer had standing "* * * because it could have affected him as a taxpayer".

Plaintiff's status as a taxpayer is not sufficient to give him standing to maintain the instant suit against the Wayne County Civil Service Commission. The right of an individual taxpayer to bring suit involving a public right against a governmental agency historically has been very limited. In the leading case of *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953), the Michigan Supreme Court established the prerequisites to maintaining a taxpayer's suit:

"[I]t is clearly recognized that prerequisite to a taxpayer's right to maintain a suit of this character against a unit of government is the *threat that he will sustain substantial injury or suffer loss or damage* as a taxpayer, through increased taxation and the consequences thereof. This is uniformly true of all the Michigan cases considering this subject." (Emphasis added.)

*Menendez* requires that the plaintiff, in order to have standing, must allege with particularity how the alleged illegal act will result in injury through *"increased taxation".* The holding of *Menendez* has

been applied by this Court in two recent decisions which are particularly applicable to the instant case. *Kaminskas v Detroit,* 68 Mich App 499, 501-502; 243 NW2d 25 (1976), *lv den* 399 Mich 826 (1977), and *Saginaw Fire Fighters Ass'n Local 422 v Police & Fire Dep't Civil Service Comm,* 71 Mich App 240, 244; 247 NW2d 365 (1976). In both cases this Court reversed the trial court on the grounds that the plaintiff(s) lacked standing to bring a taxpayers' suit because of failure to set forth the necessary allegation that he will sustain substantial injury or suffer loss or damages as a taxpayer, through increased taxation and the consequences thereof.

In the instant case, the complaint also is fatally defective as to these necessary allegations. Plaintiff does not allege that the particular appointment of Petitpren will cause increased taxation to him as a taxpayer. Plaintiff does not even allege that the position of Assistant Director of Personnel Services should be abolished. The bald allegation that tax monies are being expended is too general and conclusory to serve as a springboard for the maintenance of a taxpayer's suit since such allegations would be equally applicable to practically every action taken by a unit of government and would throw open the doors to unlimited, unrestricted citizen's lawsuits. We therefore find that the instant complaint does not satisfy the requirements necessary to maintain a taxpayer's suit and, hence, plaintiff lacked standing.

Similarly, the plaintiff has failed to set forth in the complaint any allegations whereby his rights as a private person have been interfered with in a manner distinct from the public at large. Absent such allegations, a private person has no standing to institute proceedings to redress grievances on

behalf of the public at large. Public grievances must be brought into court by public agents and not by private intervention. In *Home Telephone Co v Michigan Railroad Comm,* 174 Mich 219, 224; 140 NW 496 (1913), the following rule of law and numerous supporting authority therefor is set forth:

"We think it is well settled in this State that grievances which afflict the community must be redressed by those to whom the law has intrusted the duty of interference. Such has been the rule of law in this State for many years. *Miller v Grandy,* 13 Mich 540. It was there held that private persons could not assume to themselves the right to institute proceedings in chancery to redress grievances on behalf of the public. They can only proceed where their individual grievances are distinct from those of the public at large, and such as give them a private right to redress."

This rule of law is still viable, applicable and controlling. *Inglis v Public School Employees Retirement Board,* 374 Mich 10, 13; 131 NW2d 54 (1964), *Kaminskas v Detroit, supra,* 502, *Saginaw Fire Fighters Ass'n Local 422 v Police & Fire Dep't Civil Service Comm, supra,* 244. In the instant case, plaintiff Killeen makes no allegations that he personally has been wrongfully denied employment or injured by the provisional appointment of defendant Petitpren. Instead, the complaint only can be understood as alleging a public injury. Since plaintiff's complaint fails to set forth any allegations that he is specially injured, he has no standing to seek either superintending control or mandamus for the infraction of a public duty.

The rule that public right actions must be brought by public officials vested with such responsibility is not satisfied by the mere fact that plaintiff alleges that as a duly elected member of the Wayne County Board of Commissioners he was especially interested in promoting the lawful, or-

derly and efficient administration of all the county's boards, commissions and departments. The plaintiff clearly brought this action individually and not in his official capacity as a member of the Board of Commissioners. It is also apparent that the Board of Commissioners is not a party to the suit. Plaintiff alleges nothing which indicates that because of his official position he has been entrusted to oversee the proper functioning of the Civil Service Commission, nor could he if he wished to. The alleged illegal activity complained of does not fall within the scope of plaintiff's official duties or affect the Board of Commissioners. In short, the mere fact that plaintiff also is a member of the Wayne County Board of Commissioners does not pass muster to confer standing to maintain the instant action.

The trial court's reliance upon *Lipiec v Zawadzki,* 346 Mich 197; 77 NW2d 763 (1956), as authority for the proposition that plaintiff's status as a taxpayer is sufficient to confer standing to maintain the instant suit is misplaced. The issue of standing was not litigated in that case and, hence, is bare of any precedential value. Similarly, the plaintiff's reliance on appeal on *Lipiec* is equally unavailing. Nothing in the present fact situation brings it within the language of being an issue of "public moment" requiring a "prompt decision".

Resolution of the foregoing issue being dispositive, we need not address ourselves to the additional issue raised on appeal. The trial court's denial of intervening defendant Petitpren's motion for accelerated judgment is reversed, the order of superintending control removing Petitpren from the position of Assistant Director of Personnel Services with the Wayne County Road Commission is vacated and plaintiff's complaint is hereby dismissed. No costs.