LEE v MACOMB COUNTY BOARD OF COMMISSIONERS
WALKER v WAYNE COUNTY BOARD OF COMMISSIONERS

Docket Nos. 183567, 188155. Submitted March 3, 1998, at Detroit. Decided April 23, 1999, at 9:05 A.M. Leave to appeal sought.

Michael Lee and other honorably discharged indigent veterans or their dependents brought a class action in the Macomb Circuit Court against the Macomb County Board of Commissioners and Macomb County, seeking to compel the defendants to levy a tax, establish a veterans' relief fund, and disburse monies from the fund to honorably discharged indigent veterans or their dependents, as required by the Soldiers' Relief Fund act, MCL 35.21 *et seq.*; MSA 4.1051 *et seq.* The plaintiffs sought damages for the defendants' alleged noncompliance with the act. Additionally, the plaintiffs alleged and sought damages for negligence and gross negligence. The court, George E. Montgomery, J., granted summary disposition for the defendants, ruling that the plaintiffs lacked standing and had failed to exhaust statutory remedies. The plaintiffs appealed.

Dennis D. Walker and other honorably discharged indigent veterans or their dependents brought a class action in the Wayne Circuit Court against the Wayne County Board of Commissioners and Wayne County, making allegations and seeking relief similar to those made and sought by the plaintiffs in the Lee class action. The court, Claudia House Morcom, J., denied summary disposition for the defendants, who had argued that the plaintiffs lacked standing and failed to exhaust statutory remedies. The defendants appealed by leave granted. The appeals were consolidated.

The Court of Appeals *held*:

1. The plaintiffs have standing to bring actions for mandamus that seek the implementation of statutorily mandated veterans' relief programs because the alleged failure by the defendants to implement such programs affect the plaintiffs in a manner different from the public at large.

2. Mandamus is available to the plaintiffs because they do not seek the performance of discretionary acts by the defendants, but only the defendants' compliance with statutory mandates.

3. Summary disposition should have been denied in the Lee class action in light of unresolved factual issues concerning whether Macomb County's veterans' relief program was being funded and run in the manner prescribed by the Soldiers' Relief Fund act.

4. Summary disposition properly was denied in the Walker class action in light of unresolved factual issues concerning whether the Wayne County veterans' relief program, which was started after the class action was filed, complies with the Soldiers' Relief Fund act.

5. Failure to exhaust statutory remedies, i.e., failure to apply for benefits, was not grounds on which summary disposition for the defendants could be granted, given the plaintiffs' claim of wholesale failure to implement and comply with the Soldiers' Relief Fund act, the absence of mechanisms for intake and evaluation of claims, and the lack of a statutory procedure by which the defendants could be made to comply with the act.

6. The claims of negligence and gross negligence are subject to dismissal on governmental immunity grounds.

Affirmed in part and reversed in part.

J. W. Fitzgerald, J., dissenting, stated that the plaintiffs lack standing to bring their actions because they have not alleged a distinct and palpable injury resulting from the defendants' failure to fully comply with the Soldiers' Relief Fund act. Assuming that the plaintiffs have standing, mandamus cannot lie because the plaintiffs seek the performance of duties that involve discretion over the level of taxation for funding of veterans' relief programs. Finally, although damages are available in an action for mandamus if bad faith by a public officer is shown, damages are not available to the plaintiffs, who failed to present evidence indicating bad faith by the defendants. The ruling of the Macomb Circuit Court should be affirmed and the ruling of the Wayne Circuit Court should be reversed.

1. Actions — Standing.

A private citizen who is not hurt in any manner differently than the citizenry at large has no standing to vindicate a public wrong or enforce a public right.

2. Mandamus — Discretionary Acts.

Mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner.

*Charfoos & Christensen, P.C.* (by *David R. Parker* and *J. Douglas Peters*) and *Marc W. Schumacher*, for Michael Lee, Dennis D. Walker, and others.

*Ted J. Cwiek*, Assistant Corporation Counsel, for Macomb County Board of Commissioners and Macomb County.

*Jennifer M. Granholm*, Corporation Counsel, and *Eric L. Daniel*, Assistant Corporation Counsel, for Wayne County Board of Commissioners and Wayne County.

Before: HOLBROOK, JR., P.J., and WHITE and J. W. FITZGERALD\*, JJ.

WHITE, J. In these separate putative class actions, plaintiffs sought to compel defendants' implementation and compliance with the mandates of the veterans' relief fund act, MCL 35.21 *et seq.*; MSA 4.1051 *et seq.*, and sought damages for those years during which defendants had either not implemented or not been in compliance with the act. In Docket No. 183567, the circuit court granted summary disposition in favor of the Macomb County defendants on the basis that the Lee plaintiffs lacked standing to challenge Macomb County's alleged failure to comply with the act's requirements, and that, in any event, the Lee plaintiffs had failed to exhaust their statutory remedies. In Docket No. 188155, the circuit court denied the Wayne County defendants' motion for summary disposition, concluding that the Walker plaintiffs had standing to challenge defendants' failure to comply with the statute, and that the statute did not require plaintiffs to exhaust their statutory remedies. This Court ordered the appeals consolidated and issued a stay in the Wayne County proceedings pending the outcome of this appeal. We affirm the denial of summary disposition to the Wayne County defendants ·of plaintiffs' claim of violation of the act, but reverse with respect to plaintiffs' allegations of negligence or gross negligence, which should have been dismissed

---

\* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

on governmental immunity grounds. We reverse in part the grant of summary disposition to the Macomb County defendants without prejudice, but affirm the dismissal of plaintiffs' allegations of negligence or gross negligence for the same reason.

I

In 1899, the Michigan Legislature enacted 1899 PA 214, which created the Soldiers' Relief Fund. Section 1 of the act provides:

> The county board of commissioners of each county *shall* annually levy, a tax not exceeding 1/10 of a mill on each dollar, to be levied and collected as provided by law, *upon the taxable property* of each township and city, for their respective counties, *for the purpose of creating a fund* for the relief of honorably discharged indigent members of the army, navy, air force, marine corps, coast guard, and women's auxiliaries of all wars or military expeditions in which the United States of America has been, is, or may hereafter be, a participant as prescribed in section 1 of Act No. 190 of the Public Acts of 1965, being section 35.61 of the Michigan Compiled Laws, and the indigent spouses, minor children, and parents of each such indigent or deceased member. Funds raised in accordance with the provisions of this section may be expended for the relief of indigent wives and children of active duty soldiers, sailors, marines, airmen, coast guardsmen, nurses, and members of the women's auxiliaries during the continuance of present hostilities and prior to their discharge. However, in any year which, in the opinion of the board, an emergency justifying the same exists, the board may appropriate a sum not to exceed 2/10 of a mill on each dollar for said purpose. The sums, when collected, *shall* be paid to the county treasurer of the county where such tax is levied in each of the counties in this state, to be paid out by the treasurer upon the order of the soldiers' relief commission duly signed by the chairperson and secretary of the commission. If any money in the fund is not necessary for the purpose for which it was raised, the money shall remain in the treasury of the

county as a soldiers' relief fund, and shall be considered in raising future sums therefor. [MCL 35.21; MSA 4.1051 (emphasis added).]

Section 2 of the act mandates that a soldiers' relief commission be created and provides for the membership, term, appointment, compensation, and removal of individuals serving on the commission. MCL 35.22; MSA 4.1052. Subsequently, the Legislature enacted 1953 PA 192, which allows county boards of commissioners to create a county department of veterans' affairs that would supplant the soldiers' relief commission. MCL 35.621, 35.622; MSA 4.1153(1), 4.1153(2).

Section 3 of the act governs the disbursement of funds from the Soldiers' Relief Fund:

The supervisor of each township and ward in each of the counties of this state, and where there is no ward supervisor the aldermen of the several wards of every incorporated city in this state, shall, on or before the last Monday in September in each year, make and place in the hands of the soldiers' relief commission of the county, a list of all the persons entitled to relief under the provisions of this act, and the soldiers' relief commission, on the first Monday in October in each year, shall proceed to determine the amount necessary for aid and relief to be granted such persons under this act, which shall be then and there recorded in the books to be kept by the secretary of said soldiers' relief commission. The commission may determine not only the sum to be paid, but the manner of paying the same, and may discontinue the payment of such relief in their discretion. Appeal may be taken therefrom to the circuit court of such county, by certiorari by filing application therefor with the clerk within fifteen days following the making of such decision. The court shall hear the case de novo and its decision shall be final. [MCL 35.23; MSA 4.1053.]

II

In April 1994, the Lee and Walker plaintiffs filed identical complaints against the Macomb County and Wayne County defendants, respectively, alleging that plaintiffs were members of a class of indigent, honorably discharged veterans and indigent spouses or dependents of veterans and that defendants had failed to implement and comply with the mandates of the act. Plaintiffs' complaints alleged a single count, of violation of the act, sought to compel defendants to levy and collect the tax required by the act, and sought compensatory and consequential damages. Plaintiffs filed amended complaints that added a second count, of negligence or gross negligence, and sought "compensatory, consequential, and/or special, and/or exemplary, and/or punitive damages . . . ." Plaintiffs later stipulated to drop the request for exemplary and punitive damages.

DOCKET NO. 183567

In their answer, the Macomb County defendants denied that they had breached their statutory duty and asserted that they were in substantial compliance with the act. The Macomb County defendants filed a motion for summary disposition arguing that (1) plaintiffs' claims were not ripe for adjudication because plaintiffs had not applied for benefits under the statute, (2) plaintiffs did not have a private right of action under the statute; (3) plaintiffs lacked standing, and (4) governmental immunity barred plaintiffs' claims. The Macomb County defendants asserted that they had maintained a fund to pay the properly filed claims of indigent veterans, but that since no claims had been filed, the county currently levied no tax pursuant to the act. In support of their motion, the

Macomb County defendants submitted the affidavit of Douglas Casamer, Director of the Department of Veterans' Affairs for Macomb County, who averred that $1,000 had been appropriated from the county budget for the "last several years" and that it was rolled over from year to year. Casamer further averred that no claims had been filed for benefits with the Macomb County Veterans' Affairs Department pursuant to the Soldiers' Relief Fund act for the past ten years.

In response, the Lee plaintiffs continued to seek the court's intervention to compel Macomb County's compliance with its unmet statutory obligations under the act. The Lee plaintiffs argued that, because they were seeking to compel Macomb County to levy the tax and create the fund as required by the act, as opposed to appealing a denial of benefits from the fund, defendants' arguments that plaintiffs had failed to exhaust statutory remedies and lacked standing were without merit. The Lee plaintiffs also argued that the doctrine of governmental immunity did not apply because their claims did not sound in tort.

The circuit court granted the Macomb County defendants' motion on the basis that the Lee plaintiffs lacked standing and had failed to exhaust statutory remedies.

DOCKET NO. 188155

The Wayne County defendants filed a motion for summary disposition, similarly arguing that the Walker plaintiffs lacked standing, had no private cause of action under the act, and their claims were barred by governmental immunity. Defendants argued in a supplemental brief that the Walker plaintiffs' claims were moot because Wayne County had recently established and begun operation of a

soldiers' relief program. In support of this claim, defendants submitted the affidavits of Elliott Ware, Jr., Director of the Wayne County Soldiers' Relief program; Lester W. Robinson, Chief Financial Officer for Wayne County; and Alfred N. Montgomery, Clerk of the County Commission. Ware averred that the Wayne County Soldiers' Relief program had been operational since February 1995. Robinson averred that the Wayne County Board of Commissioners had approved a levy for the fiscal year ending November 30, 1995, for the creation of a fund for the Wayne County Soldiers' Relief program. Montgomery averred that a resolution had been adopted appropriating $1,146,042 from the general fund for veterans' affairs expenditures for fiscal year 1994-95.

The Walker plaintiffs responded with the same arguments as the Lee plaintiffs regarding standing, availability of a private cause of action under the act, and governmental immunity. The Walker plaintiffs further argued that their claims were not moot because, although Wayne County had made a recent effort to establish a soldiers' relief program, the program was not in compliance with the act and, further, did not account for past damages suffered by the class.

The circuit court denied the Wayne County defendants' motion without prejudice, concluding that the Walker plaintiffs had standing to seek Wayne County's full compliance with the act and that defendants' claim that plaintiffs must exhaust statutory remedies, i.e., that plaintiffs must have been denied benefits under the act, was without merit given that plaintiffs claimed a total failure by defendants to comply with the act's mandates of levying and collecting taxes and creating a fund from which benefits can be paid. The circuit court further noted that the act was silent and prescribed no administrative proceeding by which the

Wayne County defendants could be made to comply with the act.

### III

In both the Wayne and Macomb County cases, the plaintiffs seek to compel full compliance by the counties with the mandates of the Soldiers' Relief Fund act. Because both sets of plaintiffs seek to enforce a right and duty created by statute, we treat their complaints as ones for mandamus. See MCL 600.4411; MSA 27A.4411; MCR 3.301, 3.305. Mandamus is a writ issued by a court of superior jurisdiction to compel a public body or public officer to perform a clear legal duty. *Kosiba v Wayne Co Bd of Auditors*, 320 Mich 322, 326; 31 NW2d 68 (1948). Mandamus is an extraordinary remedy, and its issuance is discretionary with the court. *Herp v Lansing City Clerk*, 164 Mich App 150, 161; 416 NW2d 367 (1987).

### A

Of the many issues raised, we first address whether the Lee and Walker plaintiffs have standing to obtain mandamus against the Macomb and Wayne County defendants, respectively. We review a circuit court's grant or denial of summary disposition de novo. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994). In viewing defendants' claim that plaintiffs lacked standing, MCR 2.116(C)(5), we must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence to determine whether defendants are entitled to judgment as a matter of law. *Wortelboer v Benzie Co*, 212 Mich App 208, 213; 537 NW2d 603 (1995).

"Standing is a legal term used to denote the existence of a party's interest in the outcome of litigation that will ensure sincere and vigorous advocacy." *House Speaker v State Administrative Bd*, 441 Mich 547, 554; 495 NW2d 539 (1993). Traditionally, a private citizen has no standing to vindicate a public wrong or enforce a public right where he is not hurt in any manner differently than the citizenry at large. *Detroit Fire Fighters Ass'n v Detroit*, 449 Mich 629, 633-634, 643-644, 662-663, 669; 537 NW2d 436 (1995) (a majority of the Court agreeing, in separate opinions, that the plaintiffs had standing and on this proposition).

Plaintiffs in the instant cases seek to enforce a mandatory legislative program, i.e., to compel defendants to implement and comply with the Soldiers' Relief Fund act. Plaintiffs are honorably discharged indigent veterans and are members of the class for whose benefit the act was enacted. Further, they are detrimentally affected in a manner different from the public generally. They therefore have standing. *Id.* at 633, 643, 662, 669.

B

Having concluded that plaintiffs have standing, we turn to the question whether mandamus is appropriate in the instant case. In *Teasel v Dep't of Mental Health*, 419 Mich 390, 409-411; 355 NW2d 75 (1984), the Supreme Court noted:

Mandamus is an extraordinary remedy and will not lie to control the exercise or direction of the discretion to be exercised. Moreover, it will not lie for the purpose of reviewing, revising, or controlling the exercise of discretion reposed in administrative bodies. However, the writ will lie to require a body or an officer charged with a duty to take action in the matter, notwithstanding the fact that the exe-

cution of that duty may involve some measure of discretion. See *Bischoff v Wayne County*, 320 Mich 376, 385-387; 31 NW2d 798 (1948); *Michigan State Dental Society v Secretary of State*, 294 Mich 503, 514-519; 293 NW 865 (1940). Stated otherwise, mandamus will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner.

This Court has held that it has the power to compel a county board of supervisors to act in their executive capacity and to pay an obligation imposed by law, *People ex rel Bristow v Macomb County Supervisors*, 3 Mich 475 (1855). We have issued a writ of mandamus compelling the expenditure of withheld funds that by law could only be used for the completion of a jail, *Attorney General ex rel Greenfield v Alcona County Board of Supervisors*, 167 Mich 666; 133 NW 825 (1911). We have ordered that boards of supervisors render unto public employees their salaries that were owing them, *Sturgis v Allegan County*, 343 Mich 209; 72 NW2d 56 (1955), and we have stated that a court has the power to compel commissioners responsible for the upkeep and repair of a jail to comply with the Legislature's directive upon a showing that they have failed or refused to meet their responsibility under the statute, *Wayne County Jail Inmates v Wayne County Sheriff*, 391 Mich 359; 216 NW2d 910 (1974). When agencies of government fail to perform duties imposed by the Legislature or the constitution, the courts will not hesitate to order performance. *Jail Inmates, supra; King v Director of Midland County Dep't of Social Services*, 73 Mich App 253; 251 NW2d 270 (1977); *Wayne County Prosecutor v Wayne County Bd of Comm'rs*, 93 Mich App 114, 121; 286 NW2d 62 (1979); *Kosa v Treasury Dep't*, 78 Mich App 316; 259 NW2d 463 (1977), *aff'd in part and modified on other grounds* 408 Mich 356, 383; 292 NW2d 452 (1980). See generally, 4 Davis, Administrative Law, ch 23.

Here, the duty, the performance of which plaintiffs sought to compel, is the counties' establishment of funds as mandated by the Legislature in the Soldiers Relief Fund act, and compliance with the act once a fund is established, not the levy of a particular amount or the grant of particular benefits, i.e., not the

performance of acts within the defendants' discretion. Under these circumstances and on the basis of the above_cited authorities, we conclude that mandamus is appropriately sought.

IV

In Docket No. 183567, the Lee plaintiffs argue that factual issues remain regarding whether Macomb County has created a fund in compliance with § 35.21 of the act. The Lee plaintiffs argue, and we agree, that Casamer's affidavit does not address that the $1,000 Macomb County appropriated came from the county's general fund, rather than from a tax on property as required by § 35.21, and does not address that there was no mechanism for intake and evaluation of claims in place, as contemplated by the act. Under these circumstances and given that discovery had not yet begun, we conclude that summary disposition should have been denied without prejudice pending discovery.

In Docket No. 188155, the Walker plaintiffs argue that Wayne County failed to comply with the act before February 1995, at which time it established the Wayne County Soldiers' Relief Program, and further argue that the current program is not in compliance with the act. It is undisputed that Wayne County had no program as required by the act before plaintiffs filed their class action. Wayne County later created a program, but, in their second supplemental response in opposition to defendants' motion, plaintiffs argued, and presented evidence to support, that the program is not in compliance with the act. Thus, summary dis-

position properly was denied because genuine issues
of fact remained regarding that issue.[1]

Regarding both sets of defendants' claims that
plaintiffs were required to exhaust statutory reme-
dies, MCR 2.116(C)(7), we accept as true all plain-
tiffs' well-pleaded allegations and construe them most
favorably to plaintiffs. *Mollett v City of Taylor*, 197
Mich App 328, 332-333; 494 NW2d 832 (1992). Sum-
mary disposition is appropriate only if no factual
development could provide a basis for recovery. *Id.*
The circuit court in the Wayne County case properly
concluded that the Lee plaintiffs' case could not be
dismissed on the basis of failure to exhaust statutory
remedies, given plaintiffs' claim that there was a
wholesale failure to implement and comply with the
act, the absence of a mechanism for intake and evalu-
ation of claims, and the lack of a statutory procedure
by which defendants could be made to comply with
the act. For these same reasons, the circuit court in
the Macomb County case improperly concluded that
summary disposition was proper on the basis of fail-
ure to exhaust statutory remedies.

Both sets of defendants raised the issue of govern-
mental immunity below, but neither circuit court
addressed it at the hearings regarding defendants'
motions. The Wayne County defendants argue on
appeal that because plaintiffs failed to plead an
exception to governmental immunity, to the extent
that plaintiffs' complaint pleads negligence and gross
negligence, defendants are entitled to its dismissal as
a matter of law. The Macomb County defendants
argue on appeal that plaintiffs' case is not a tort case
and that plaintiffs have not "put forth a cognizable

---

[1] The Walker plaintiffs' appellate brief states that their case has never
been the subject of any discovery.

theory to support the exorbitant damages sought in the Complaint." They also argue that if plaintiffs' claim sounds in tort, they are immune. Plaintiffs respond that they do not seek to maintain a separate tort action, but only to compel compliance with the Soldiers' Relief Fund act.

To the extent the Macomb County complaint alleged a tort claim, the claim was properly dismissed.[2] These claims shall also be dismissed from the Wayne County case on remand.

We affirm the denial of summary disposition to the Wayne County defendants of plaintiffs' claim of violation of the act, but reverse with respect to the allegations of negligence or gross negligence. We reverse the grant of summary disposition to the Macomb County defendants without prejudice, except with respect to the allegations of negligence or gross negligence, the dismissal of which we affirm.[3]

Holbrook, Jr., P.J. concurred.

J. W. Fitzgerald, J. (*dissenting*). I respectfully dissent.

Standing to obtain mandamus against a public body or public official requires the plaintiff to establish the violation of a positive legal right, or breach of a legal

---

[2] The second count of plaintiffs' first amended complaints alleged negligence or gross negligence:

COUNT II—NEGLIGENCE, GROSS NEGLIGENCE
17. Defendants [sic] failure to levy and tax as required by MCL 35.21 was a negligent, or grossly negligent act and caused, and continues to cause, plaintiffs great harm and damage.

[3] The question whether, and to what extent, money damages are appropriate as class relief is a separate question, which may be addressed by the circuit courts. The statute discussed by the dissent, MCL 600.4431; MSA 27A.4431, was not raised below or on appeal, and was not addressed by the circuit courts. We therefore do not address it here because we do not have the benefit of adversarial briefing.

duty, resulting in damage or a specific injury to the plaintiff that is distinct from that suffered by the general public. *Inglis v Public School Employees Retirement Bd*, 374 Mich 10, 12-13; 131 NW2d 54 (1964); *Univ Medical Affiliates, PC v Wayne Co Executive*, 142 Mich App 135, 143, n 1; 369 NW2d 277 (1985). In these cases, I conclude that plaintiffs lack standing to obtain mandamus against Macomb County and Wayne County because plaintiffs have not alleged any specific injury as a result of defendants' failure to establish a mechanism for evaluation of a claim for benefits or of defendants' underfunding of their respective veterans' relief funds.[1] That is, at this stage, plaintiffs have not alleged a distinct and palpable injury resulting from defendants' failure to fully comply with the statute, and consequently their claims cannot be differentiated from those of any other citizen. *Inglis, supra*; *Killeen v Wayne Co Civil Service Comm*, 108 Mich App 14; 310 NW2d 257 (1981). See also *Wilson v Cleveland*, 157 Mich 510, 511; 122 NW 284 (1909). As a prudential matter, courts must exercise their jurisdiction to address tangible, personal, threatened interests, not generalized grievances. I am not persuaded that plaintiffs, as private citizens whose individual rights under the statute have not been abridged, have standing to obtain a writ of mandamus to compel their respective counties to levy an annual tax on property where there has been no showing that noncompliance with the statute has resulted in the needs of the statute's intended beneficiaries being unmet.

---

[1] The Walker plaintiffs submitted below the affidavit of class member Paul Eckley, an honorably discharged indigent veteran of the Vietnam War. Eckley averred that he had applied for benefits from the Wayne County Soldiers' Relief Office in February 1995 and been informed that he was ineligible for relief. Eckley was not denied benefits because of underfunding of the relief fund, and the merits of his denial are not the subject of this appeal.

Thus, I would conclude that plaintiffs' complaints for mandamus must be dismissed for lack of standing. MCR 2.116(C)(5).

Even assuming, however, that plaintiffs, as indigent, honorably discharged veterans, have standing to seek mandamus because of their unique status as intended beneficiaries under the act, I would nonetheless exercise judicial self-restraint and deny mandamus on the merits. To obtain mandamus a party must establish a clear legal right to compel the performance of a specific ministerial duty by a public body or public officer. *Kosiba v Wayne Co Bd of Auditors,* 320 Mich 322, 326; 31 NW2d 68 (1948). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor v Ottawa Circuit Judge,* 343 Mich 440, 444; 72 NW2d 146 (1955).

Here, the Lee and Walker plaintiffs seek to compel defendants' performance of a duty that is not purely ministerial, but rather involves some measure of discretion. Although § 1 of the act begins by directing that each county board of commissioners "shall annually levy, a tax not exceeding 1/10 of a mill on each dollar . . . upon the taxable property of each township and city, for their respective counties . . . ," the last sentence of the section provides: "If any money in the fund is not necessary for the purpose for which it was raised, the money shall remain in the treasury of the county as a soldiers' relief fund, and *shall be considered in raising future sums therefor.*" MCL 35.21; MSA 4.1051 (emphasis added). Viewing the act as a whole, I am of the opinion that the Legislature intended to vest limited discretion in county boards of commissioners to determine the amount of tax to

be levied to effect substantial compliance with the
act's underlying purpose of creating a fund for the
benefit of indigent, honorably discharged veterans.
This view was expressed as early as 1939 by this
state's Attorney General, whose opinion had been
requested regarding whether county boards of com-
missioners were under a mandatory duty to levy the
full amount of tax as provided by the Soldiers' Relief
Fund act:

> In an opinion rendered by Attorney General Patrick H.
> O'Brien on this question on February 17, 1933 (See [OAG,
> 1933-1934, p 205]), it was held that it is mandatory upon
> the several boards of county supervisors to levy a tax, not
> to exceed one-tenth of a mill, for the relief of indigent
> soldiers, sailors, widows, etc. This opinion further holds
> that it is not necessary to levy the full one-tenth mill. The
> amount to be levied rests within the discretion of the board
> of supervisors as long as the statute has been reasonably
> and substantially complied with. We concur with this opin-
> ion. [OAG, 1939-1940, p 242, 245 (September 28, 1939).]

Given the foregoing, I would conclude that manda-
mus is inappropriate because plaintiffs are seeking to
compel defendants' exercise of discretion in a partic-
ular manner. *Teasel v Dep't of Mental Health*, 419
Mich 390, 410; 355 NW2d 75 (1984).

Lastly, I would note that plaintiffs' complaints
sought "compensatory, consequential, and/or special,
and/or exemplary, and/or punitive damages, plus
interest, for defendants' failure to comply with the
requirements of MCL 35.21 for each and every year
defendants have failed to so levy and collect as
required by MCL 35.21, plus all attorney fees and
costs." While the plaintiffs have since abandoned
their claim for punitive or exemplary damages, they
contend on appeal that they are entitled to compensa-
tory damages. Plaintiffs expressly disavow that such

damages arise out of tort, but rather argue that they arise from the failure of Macomb County and Wayne County to abide by the statutory mandate. As framed by plaintiffs, their request for damages arises from their claim for mandamus. See *Wayne Co Sheriff v Wayne Co Bd of Comm'rs*, 196 Mich App 498, 510; 494 NW2d 14 (1992). Given that context, I would note that the Revised Judicature Act provides:

> Damages and costs may be awarded in an action for mandamus. No damages may be allowed in mandamus against a public officer who, in good faith, acted erroneously. [MCL 600.4431; MSA 27A.4431.]

Even assuming that the Lee and Walker plaintiffs have standing to obtain mandamus, they have not presented any evidence whatsoever to support an allegation that Macomb or Wayne County officials acted in bad faith in failing to comply fully with the statute. See *Rodney Lockwood & Co v Southfield*, 93 Mich App 206, 215; 286 NW2d 87 (1979). Thus, plaintiffs' damages claims must likewise fail as a matter of law.