733 N.W.2d 89 (2007)
Ronald L. MERCER, d/b/a R & R Salvage, Plaintiff-Appellee,
v.
CITY OF LANSING, Chief of the Lansing Police Department, and the Lansing Police Department, Defendants-Appellants.
Docket No. 260999.
Court of Appeals of Michigan.
Submitted October 4, 2006, at Lansing.
Decided February 22, 2007, at 9:05 a.m.
Released for Publication June 7, 2007.
*90 Frederick L. Stackable, Lansing, for the plaintiff.
Plunkett & Cooney, P.C. (by Mary Massaron Ross, Christine D. Oldani, and David K. Otis), Detroit, and Paul F. Novak, City Attorney, Lansing, for the defendants.
Before: SAWYER, P.J., and WILDER and SERVITTO, JJ.
SAWYER, P.J.
Defendants appeal an order of the circuit court denying their motion for summary disposition based on governmental immunity. We affirm.
Plaintiff owns a motor vehicle towing and recycling business in Laingsburg. He contracts with various private businesses in the city of Lansing to tow unwanted vehicles from their property. According to plaintiff, because defendants failed to comply with the requirements of MCL 257.252 et seq., he was unable to dispose of unclaimed vehicles, which accumulated on his property. He filed the instant action, seeking a writ of mandamus to compel defendants to comply with the statute, as well as seeking damages for their failure to comply in the past.
Defendants moved for partial summary disposition, arguing that they were immune from tort liability and that the part of plaintiff's claims that sought money damages sounded in tort. Plaintiff responded that he is entitled to seek damages as part of a mandamus action, with such damages being outside the scope of governmental immunity. The trial court denied summary disposition, indicating that there was some question whether defendants had acted in bad faith. Damages in mandamus actions are not permitted against a public officer who acts erroneously but in good faith.[1] Defendants then took this appeal under the provisions of MCR 7.202(6)(a)(v), which defines as a "final order" one that denies summary disposition based on governmental immunity.
We must first address plaintiff's argument that the jurisdiction of this Court was not properly invoked because the trial court denied summary disposition *91 on the basis that there remained a factual dispute. This Court concluded in Newton v. Michigan State Police[2] that an order denying summary disposition based on governmental immunity is not a final order under MCR 7.202(6)(a)(v) if the basis for the denial is that there is a factual dispute that must be resolved by the trier of fact in order to determine if immunity is applicable to the case. But the Supreme Court recently overruled Newton, concluding that there is a right to appeal regardless of whether there is a factual dispute.[3]
Turning to the substantive issue, defendants argue that a claim for damages under the mandamus statute is ultimately a tort claim and, therefore, is subject to governmental immunity for tort claims. We disagree. Damages in a mandamus action are specifically permitted by statute. MCL 600.4431 provides: "Damages and costs may be awarded in an action for mandamus. No damages may be allowed in mandamus against a public officer who, in good faith, acted erroneously." Although not squarely on point, we believe that this Court's decision in Lee v. Macomb Co. Bd. of Comm'rs[4] guides our decision in this case. In Lee, the plaintiffs filed actions seeking to compel compliance with the veterans' relief fund act.[5] This Court determined that the actions were for mandamus.[6] But the actions also contained counts seeking damages for negligence and gross negligence. Ultimately, this Court agreed that the trial court properly dismissed the tort claims seeking damages for negligence, but improperly dismissed the counts seeking mandamus.[7]
Lee is not directly controlling here because the majority did not discuss the applicability of MCL 600.4431.[8] But Lee does support the proposition that a mandamus action is not subject to the governmental tort liability act (GTLA).[9] And, therefore, the statutory grant of damages in mandamus actions is not subject to the GTLA.
Furthermore, a mandamus action would be excluded from the coverage of the GTLA by the express terms of the GTLA. The general grant of immunity for tort liability is covered in MCL 691.1407(1), which provides in pertinent part:
Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act does not modify or restrict the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.
Statutory interpretation presents a question of law, which is reviewed de novo.[10] If the language of the statute is unambiguous, *92 we are to apply it as written, because there is no need for judicial construction.[11]
Turning to the first sentence quoted above, an action for mandamus seeks to compel a governmental official or governmental body to perform a legal duty.[12] Thus, mandamus addresses a claim of governmental inaction. But MCL 691.1407(1) provides for immunity when a governmental agency is "engaged" in exercising or discharging a governmental function, that is to say, when it is acting. Similarly, MCL 691.1407(2) recognizes individual immunity for a governmental employee when that employee is "acting . . . within the scope of his or her authority" in the course of employment with a governmental agency "engaged in the exercise or discharge of a governmental function" and the employee's "conduct does not amount to gross negligence. . . ." But, again, an action for mandamus addresses a lack of conduct or a disengagement from the exercise or discharge of a governmental function. And while it might be said that a decision not to act is itself the exercise of authority, that is true only if discretion is vested in the governmental body or employee to decide whether action is appropriate. The essence of mandamus is that there is a legal duty to act. Therefore, the decision not to act is outside the scope of the authority granted by statute.
In short, if a plaintiff prevails in a mandamus proceeding, then it cannot be said that the defendant was acting in the discharge of a governmental function. Rather, of necessity, the defendant must have been failing to act and failing to act was not within any discretion granted to the defendant. And, by the express and unambiguous terms of MCL 691.1407, governmental tort immunity applies to governmental action and is, therefore, inapplicable to any suit in which mandamus may be granted. And, by extension, immunity does not bar the recovery of damages under MCL 600.4431.
Furthermore, turning to the second sentence of MCL 691.1407(1), that sentence reflects a legislative intent not to modify governmental immunity as it existed on July 1, 1965, except as the act specifically provides. The current version of MCL 600.4431 was enacted by 1961 P.A. 236. Therefore, the GTLA did not, as defendants argue, impliedly repeal MCL 600.4431. MCL 691.1407(1) expressly disavows any implied modifications to immunity.
Finally, we note that this Court in Wayne Co. Sheriff v. Wayne Co. Bd. of Comm'rs[13] held that a mandamus action is an equitable action. Therefore, it is not a tort action and falls outside the provisions of governmental tort immunity.
We should note that we are offering no opinion on whether plaintiff is entitled to damages under MCL 600.4431. The only question before us is whether the trial court properly denied summary disposition based on governmental tort immunity. And we conclude that defendants are not immune from an award of damages under MCL 600.4431 and, therefore, that summary disposition was properly denied. Whether plaintiff will be able to prevail on the merits of the damages claim remains to be seen.
Affirmed. Plaintiff may tax costs.
NOTES
[1] MCL 600.4431.
[2] Newton v. Michigan State Police, 263 Mich. App. 251, 256-259, 688 N.W.2d 94 (2004).
[3] Watts v. Nevils, 477 Mich. 856, 720 N.W.2d 755 (2006).
[4] Lee v. Macomb Co. Bd. of Comm'rs, 235 Mich.App. 323, 597 N.W.2d 545 (1999), rev'd on other grounds 464 Mich. 726, 629 N.W.2d 900 (2001) (reversed on the basis that the plaintiffs lacked standing to seek mandamus).
[5] MCL 35.21 et seq.
[6] Lee, supra at 331, 597 N.W.2d 545.
[7] Id. at 336, 597 N.W.2d 545.
[8] See Lee, supra at 336 n. 3, 597 N.W.2d 545.
[9] MCL 691.1401 et seq.
[10] Paige v. Sterling Hts., 476 Mich. 495, 504, 720 N.W.2d 219 (2006).
[11] Id.
[12] Lee, supra at 331, 597 N.W.2d 545.
[13] Wayne Co. Sheriff v. Wayne Co. Bd. of Comm'rs, 196 Mich.App. 498, 510, 494 N.W.2d 14 (1992).